**EXHIBIT A**

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE IMPATH INC.,<br>SECURITIES LITIGATION. | ) Case No. 03-cv-5667-DAB<br>)<br>)<br>)<br>)<br>) |

## STIPULATION OF SETTLEMENT

Samuel Rudman, Esq.

Lerach Coughlin Stoia Geller
Rudman & Robbins LLP
200 Broadhollow, Suite 406
Melville, NY 11747
(Tel): (631) 367-7100
(Fax): (631) 367-1173

Lead Counsel for Plaintiff

1/14/05 —
Date of Agreement.

for *[signature]* 1/14/05

*[signature]* 1/11/05

*[signature]* 1937

*[signature]*

NY1:\1281661\11\RMC511!.DOC\54008.0016

This Stipulation of Settlement dated as of _____, __, 2005 (the "Stipulation"), is made and entered into by and among the following Settling Parties (as defined in Section IV) to the above-entitled Litigation (as defined in Section I): (i) the Representative Plaintiff (as defined in Section IV) (on behalf of itself and each of the Class Members), by and through its counsel; and (ii) the Defendants (as defined in Section IV), by and through their respective counsel in the Litigation. The Stipulation is intended by the Settling Parties to fully, finally and forever resolve, discharge and settle the Released Claims (as defined in Section IV), upon and subject to the terms and conditions hereof.

If signed by the Settling Parties, the Stipulation shall be incorporated into the Debtors' Chapter 11 Plan. Capitalized terms used in this Stipulation and not otherwise defined herein have the meanings attached to them in the Plan or the disclosure statement related thereto.

## I.    THE LITIGATION

Commencing in July 2003, sixteen (16) purported securities class action lawsuits were filed, respectively, in the United States District Court for the Southern District of New York (the "District Court"):

| | Abbreviated Case Name | Case Number | Date Filed |
|---|---|---|---|
| (a) | *Adler v. IMPATH Inc., et al.* | 3-CV-6484 | 8/26/03 |
| (b) | *Altman v. IMPATH Inc., et al.* | 3-CV-5670 | 7/30/03 |
| (c) | *Casden v. IMPATH Inc., et al.* | 3-CV-7358 | 9/19/03 |
| (d) | *Corwin v. IMPATH Inc., et al.* | 3-CV-5800 | 8/4/03 |
| (e) | *Epstein v. IMPATH Inc., et al.* | 3-CV-5737 | 8/1/03 |
| (f) | *Ferrari v. IMPATH Inc. et al.* | 3-CV-05667 | 7/30/03 |

|     | Abbreviated Case Name | Case Number | Date Filed |
|-----|----------------------|-------------|------------|
| (g) | *Heyer v. IMPATH Inc., et al.* | 3-CV-6418 | 8/22/03 |
| (h) | *Isenberg v. IMPATH Inc., et al.* | 3-CV-7200 | 9/15/03 |
| (i) | *Jackson v. IMPATH Inc., et al.* | 3-CV-6703 | 9/4/03 |
| (j) | *Lacoff v. IMPATH Inc., et al.* | 3-CV-5860 | 8/06/03 |
| (k) | *M. Lacoff v. IMPATH Inc., et al.* | 3-CV-6073 | 8/12/03 |
| (l) | *MacDonald v. IMPATH Inc., et al.* | 3-CV-6689 | 9/4/03 |
| (m) | *Nomm v. IMPATH Inc., et al.* | 3-CV-5902 | 8/6/03 |
| (n) | *Oliver Eng v. IMPATH Inc., et al.* | 3-CV-7490 | 9/24/03 |
| (o) | *Rolnick v. IMPATH Inc., et al.* | 3-CV-6083 | 8/12/03 |
| (p) | *Wolbrom v. IMPATH Inc., et al.* | 3-CV-6123 | 8/13/03 |

On July 15, 2004 the District Court entered an order consolidating the sixteen cases under the caption In re Impath, Inc. Securities Litigation (the "Litigation"); appointed Carpenter Pension Trust for Southern California and United Brotherhood of Carpenters Pension Fund as Lead Plaintiff pursuant to § 21D(a)(3)(B) of the Private Securities Litigation Reform Act of 1995; and approved the selection of Lerach Coughlin Stoia Geller Rudman & Robbins LLP as Lead Counsel.

## II.   DEFENDANTS MAKE NO ADMISSION OF LIABILITY

The Defendants' execution of this Stipulation does not constitute an admission that any charges of wrongdoing or liability against them arising out of any of the conduct, statements, acts, or omissions alleged, or that could have been alleged, including Unknown Claims (as defined in Section IV) in the Litigation are true or valid. Further, the Defendants' execution of this Stipulation does not constitute an admission that any allegations that the Representative Plaintiff and the Class have suffered damage,

that the price of Impath (as defined in Section IV) common stock was artificially inflated by reasons of any alleged misrepresentation, omission or other act by Defendants, or that the Representative Plaintiff or the Class were harmed by the conduct alleged in the Complaint are true or valid. Finally, nothing in this Stipulation shall be an acknowledgement that the Individual Defendant, David Cammarata, has ever been served with process in this litigation.

Nonetheless, the Defendants have concluded that it is desirable that the Litigation be fully and finally settled in the manner and upon the terms and conditions set forth in this Stipulation.

## III.   CLAIMS OF THE REPRESENTATIVE PLAINTIFF AND BENEFITS OF SETTLEMENT

Lead Counsel and Representative Plaintiff believe that the claims asserted in the Litigation have merit and that the evidence developed to date supports the claims. However, Lead Counsel and Representative Plaintiff recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Litigation against the Defendants through trial and through appeals. Lead Counsel and Representative Plaintiff also have taken into account the uncertain outcome and the risk of any litigation, especially in complex actions such as this Litigation, as well as the difficulties and delays inherent in such litigation. Lead Counsel and Representative Plaintiff also are mindful of the inherent problems of proof under and possible defenses to the federal securities law claims asserted in the Litigation. Lead Counsel and Representative Plaintiff believe that the settlement set forth in the Stipulation confers substantial benefits upon the Class. Based on their evaluation, Lead Counsel and

Representative Plaintiff have determined that the settlement set forth in the Stipulation is in the best interests of the Representative Plaintiff and the Class.

## IV.    TERMS OF STIPULATION AND AGREEMENT OF SETTLEMENT

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among the Representative Plaintiff (for itself and the Class Members), and the Defendants, by and through their respective counsel, that, subject to the approval of the District Court, the Litigation and the Released Claims shall be finally and fully compromised, settled and released, and the Litigation shall be dismissed with prejudice, as to all Settling Parties, upon and subject to the terms and conditions of the Stipulation, and, if the Stipulation is approved by the District Court, the Litigation will be dismissed with prejudice, with each party to bear its own costs. The Settling Parties agree, for purposes of this settlement only, to the certification of the Class (defined below) and appointment of Carpenter's Pension Trust for Southern California and United Brotherhood of Carpenters Pension Fund as the class representative under Rule 23 of the Federal Rules of Civil Procedure.

### 1.    Definitions

As used in the Stipulation the following terms have the meanings specified below:

1.1    "Authorized Claimant" means any Class Member whose claim for recovery has been allowed pursuant to the terms of the Stipulation.

1.2    "Bankruptcy Court" means the United States Bankruptcy Court for the Southern District of New York, where the Debtors' Chapter 11 cases are pending.

1.3    "Chapter 11 Plan" means the Debtors' Joint Plan of Liquidation under Chapter 11 of the Bankruptcy Code, dated December ___, 2004, filed by the Debtors in the Bankruptcy Court, as it may be amended from time to time.

1.4    "Claims Administrator" means Gilardi & Co., LLC.

1.5    "Class" or "Settlement Class" mean all Persons who purchased or otherwise acquired the common stock of Impath during the period from February 21, 2001 through July 29, 2003. Excluded from the Class are Defendants, members of the immediate families of the Individual Defendants, any entity in which any Defendant has a controlling interest, past or present officers and directors of Impath, and the legal representatives, affiliates, heirs, successors or assigns of any such excluded Person. Also excluded from the Class are those Persons who timely and validly request exclusion from the Class pursuant to the Notice of Pendency and Proposed Settlement of Class Action to be sent to the Class.

1.6    "Class Period" means the period commencing on February 21, 2001 through and including July 29, 2003.

1.7    "Class Member" or "Member of the Class" means a Person who falls within the definition of the Class as set forth in ¶ 1.5 of the Stipulation.

1.8    "Commencement Date" means September 28, 2003, the date on which the Debtors commenced their Chapter 11 Cases.

1.9    "Culpable Individual" means any present or former director, officer, or employee of the Debtors who is or has been convicted of a crime, or found in fact in any judicial proceeding to have committed knowing and intentional fraud, with respect to matters alleged as a basis for liability in this Litigation.

1.10    "Debtors" means Impath Inc. and its debtor subsidiaries.

1.11    "Defendants" means Impath Inc., Anu D. Saad, Richard Adelson, David Cammarata, James V. Agnello and Carter H. Eckert.

1.12    "Effective Date" means the first date by which all of the events and conditions specified in ¶ 6.1 of the Stipulation have been met and have occurred.

1.13    "Equity Committee" means the official committee of equity security holders in the Debtors' Chapter 11 Cases.

1.14    "Escrow Agent" means: For purposes of the Settlement Fund (1) until Final Approval the Settlement Fund shall be jointly administered by Weil Gotshal & Manges and Lerach Coughlin Stoia Geller Rudman & Robbins LLP; (2) upon Final Approval, Weil Gotshal & Manges shall relinquish all control over the Settlement Fund and Lerach Coughlin Stoia Rudman & Robbins LLP shall retain sole control over the Settlement Fund in order to distribute the Settlement Fund to Representative Plaintiff and the Class. For purposes of the "Set Aside Fund" (as defined in paragraph 2.13): Weil, Gotshal & Manges shall be the sole escrow agent of such funds until such time that such funds, if any, became part of the Settlement Fund. At such time, the Set Aside Fund shall be remitted to Lerach Coughlin Stoia Rudman & Robbins LLP for distribution as part of the Settlement Fund. For purpose of the Class Notice and Administration Fund: Lerach Coughlin Stoia Rudman & Robbins LLP is the sole escrow agent.

1.15    "Final" means when the last of the following with respect to the Judgment shall occur: (i) the date on which the time to file a motion to alter or amend the Judgment has passed without any such motion having been made; (ii) the date of final affirmance on an appeal of the Judgment, the expiration of the time for a petition for or a

denial of a writ of certiorari to review the Judgment and, if certiorari is granted, the date of final affirmance of the Judgment following review pursuant to that grant; (iii) the date of final dismissal of any appeal from the Judgment or the final dismissal of any proceeding on certiorari to review the Judgment; or (iv) if no appeal is filed, the expiration date of the time for the filing or noticing of any appeal from the District Court's Judgment approving the Stipulation substantially in the form of Exhibit B hereto. Any proceeding or order, or any appeal or petition for a writ of certiorari pertaining solely to any Plan of Allocation (as defined below) and/or application for attorney's fees, costs or expenses, shall not in any way delay or preclude the Judgment from becoming Final.

1.16    "Individual Defendants" means Anu D. Saad, Richard Adelson, David J. Cammarata, James V. Agnello, and Carter H. Eckert.

1.17    "Insurers" means National Union Fire Insurance Company of Pittsburgh, Pa. ("National Union"), ACE American Insurance Company, and Travelers Casualty & Surety Company.

1.18    "Judgment" means the judgment and order of dismissal with prejudice to be rendered by the District Court, substantially in the form attached hereto as Exhibit B.

1.19    "Person" means an individual, natural person, corporation, partnership, limited partnership, limited liability company, association, joint stock company, joint venture, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal

8

entity and their respective spouses, heirs, predecessors, successors, representatives, or assignees.

1.20    "Plaintiffs' Settlement Counsel" or "Lead Counsel" means Lerach Coughlin Stoia Geller Rudman & Robbins LLP, 200 Broadhollow, Suite 406, Melville, NY 11747.

1.21    "Plan of Allocation" means a plan or formula of allocation of the Settlement Fund whereby the Settlement Fund shall be distributed to Authorized Claimants after payment of expenses of notice and administration of the settlement, Taxes and Tax Expenses and such attorney's fees, costs, expenses and interest as may be awarded by the Court. Any Plan of Allocation is not part of the Stipulation and the Released Persons shall have no responsibility or liability with respect thereto.

1.22    "Related Parties" means each of the Defendants and any and all of the members of their families and each Defendant's parents, subsidiaries, divisions, joint ventures, or affiliates, including but not limited to any entity in which any Defendant has or had a majority-owned interest; and each of the foregoing listed person's past or present directors, officers, employees, partners, members, principals, agents, underwriters, managing directors, syndicate members, controlling shareholders, attorneys, banks or investment banks, associates, personal or legal representatives, predecessors, successors, assigns, spouses, heirs, related or affiliated entities, any entity in which a Defendant or a Defendant's family has a controlling interest, any trust of which any Defendant is the settlor or which is for the benefit of any Defendant and/or member(s) of his or her family, or Insurers, including, without limitation, National Union, ACE American Insurance Company, and Travelers Casualty & Surety Company and the Insurers' reinsurers.

1.23 "Released Claims" shall collectively mean any and all claims (including "Unknown Claims" as defined in ¶ 1.31 hereof), demands, rights, liabilities and causes of action of every nature and description whatsoever, known or unknown, whether or not concealed or hidden, asserted or that could or might have been asserted, including, without limitation, claims for negligence, gross negligence, negligent misrepresentation, breach of duty of care and/or breach of duty of loyalty, fraud, breach of fiduciary duty, or violations of any state or federal statutes, rules or regulations, by the Representative Plaintiff or any Class Member on behalf of themselves and any or all of their heirs, executors, administrators, successors and assigns against any or all of the Released Persons arising out of, based upon, related to, or in connection with the purchase or acquisition by any means, or holding, directly or indirectly, of Impath securities by any Class Member during the Class Period, or arising out of, based upon, or related to or in connection with any act, omission or failure to act, misrepresentation, fact, transaction, event, occurrence, disclosure, statement, act, referred to in the Complaint or which were otherwise alleged, or could or might have been alleged in the Litigation, including without limitation any and all claims for negligence, gross negligence, breach of duty of care, breach of duty of loyalty, fraud, negligent misrepresentation, or breach of fiduciary duty, or arising out of, based upon or related in any way to the purchase, acquisition, or holding of Impath securities. Released Claims specifically excludes claims of the Debtors, Trustee, and/or Class Members against KPMG.

1.24 "Released Persons" means each and all of the Defendants and their Related Parties.

1.25    "Representative Plaintiff" means Carpenters Pension Trust for Southern California and United Brotherhood of Carpenters Pension Fund.

1.26    "Representative Plaintiff's Counsel" means counsel who have appeared for the Representative Plaintiff, any Class Member or the Class in the Litigation.

1.27    "Securities Claimants" means all claimants in the Litigation.

1.28    "Settlement Fund" means the principal amount caused to be paid by or on behalf of Defendants pursuant to ¶ 2.1 of the Stipulation and delivered to Escrow Agent. The Escrow Agent shall invest the money received and all interest accrued shall be for the benefit of the Settlement Fund pursuant to ¶ 2.3.

1.29  · "Settling Parties" means, collectively, each of the Defendants, and the Representative Plaintiff on behalf of itself and the Members of the Class.

1.30    "Trustee" means the trustee of the Liquidating Trust provided in Section 6.3 of the Chapter 11 plan.

1.31    "Unknown Claims" means any Released Claims which any of the Settling Parties and/or Related Parties do not know or suspect to exist in his, her or its favor at the time of the release of the Released Persons which, if known by him, her or it, might have affected his, her or its settlement with and release of the Released Persons, or might have affected his, her or its decision not to object to this settlement. With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, the Settling Parties shall each expressly and shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all of the provisions, rights and benefits of California Civil Code § 1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

The Settling Parties, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law or international or foreign law, which is similar, comparable and equivalent to California Civil Code § 1542. The Settling Parties may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims, but each Settling Party, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. The Settling Parties acknowledge, and shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the settlement of which this release is a part.

## 2. The Settlement

### a. The Settlement Fund

2.1 The Settlement Fund shall constitute:

(i)     $8 million;

(ii)    the $15 million in proceeds recovered by defendants under their past or present directors and officers insurance policies with National Union ($10 million), ACE American Insurance Company ($3,333,333.33), and Travelers Casualty & Surety Company ($1,666,666.67); and

(iii)   22% of any net proceeds recovered by the Trustee on account of contingent and/or unliquidated claims held by the Debtors and/or the holders of Securities Litigation Claims arising from or relating to the alleged accounting issues that are the subject of the Securities Class Action Lawsuit that are not released pursuant to the Chapter 11 Plan or this Class Action Settlement.

The Settlement Fund, less $400,000 of funding under 2.1(ii) above, shall be transferred to the Escrow Agent. Any portion of the Settlement Fund that consists of funding from equity or funding from the Insurers will be transferred to the Escrow Agent at the same time and only after the Chapter 11 Plan is confirmed and effective. The funding from Equity and the funding from the Insurers will not be transferred to the Escrow Agent before February 15, 2005. The $400,000 shall constitute the Class's share of the Set Aside Fund, as defined in ¶ 2.13 hereof. If the Set Aside Fund is not used in full by the Individual Defendants, the amount remaining will be deposited into the Settlement Fund.

### b.    Distribution of the Settlement Fund

2.2     On, or as soon as reasonably practicable following the Effective Date, the Debtors will transfer the Settlement Fund, including the requisite portion thereof recovered from their past or present directors' insurance carriers, to the Escrow Agent to effectuate distributions to holders of Securities Litigation Claims. Each Securities Claimant will receive in full satisfaction, settlement, release, and discharge of

and in exchange for such Securities Litigation Claim such portion (if any) of the Settlement Fund as is provided for in accordance with the Plan of Allocation approved by the District Court.

### c.    The Escrow Agent

2.3    The Escrow Agent shall invest the Settlement Fund deposited pursuant to ¶ 2.1 above in instruments backed by the full faith and credit of the United States Government or fully insured by the United States Government or an agency thereof and shall reinvest the proceeds of these instruments as they mature in similar instruments at their then-current market rates. The Escrow Agent shall bear all risks related to investment of the Settlement Fund.

2.4    The Escrow Agent shall not disburse the Settlement Fund except as provided in the Stipulation, by an order of the District Court, or with the written agreement of counsel for Defendants and Plaintiffs' Settlement Counsel.

2.5    Subject to further orders and/or directions as may be made by the District Court, the Escrow Agent is authorized to execute such transactions on behalf of the Class Members as are consistent with the terms of the Stipulation.

2.6    All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the District Court, and shall remain subject to the jurisdiction of the District Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the District Court.

2.7    Within ten (10) days after preliminary approval of the settlement, the Escrow Agent shall establish a "Class Notice and Administration Fund," and may deposit up to $100,000, which funds shall be paid by the Debtors as part of their obligation to fund the Settlement Fund. The Class Notice and Administration Fund shall

be used by Plaintiffs' Settlement Counsel to pay costs and expenses reasonably and actually incurred in connection with providing notice to the Class, locating Class Members, soliciting Class claims, assisting with the filing of claims, administering and distributing the Settlement Fund to Authorized Claimants, processing Proof of Claim and Release forms and paying escrow fees and costs, if any. The Class Notice and Administration Fund may also be invested and earn interest as provided for in ¶ 2.3 of this Stipulation. Any unused portion of the Class Notice and Administration Fund shall be returned to the Settlement Fund.

### d.   Taxes

2.8   (a)   Settling Parties and Lead Counsel agree to treat the Settlement Fund as being at all times a "qualified settlement fund" within the meaning of Treas. Reg. § 1.468B-1. In addition, Lead Counsel shall timely make such elections as necessary or advisable to carry out the provisions of this ¶ 2.8, including the "relation-back election" (as defined in Treas. Reg. §1.468B-1) back to the earliest permitted date. Such elections shall be made in compliance with the procedures and requirements contained in such regulations. It shall be the responsibility of Lead Counsel to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

(b)   For the purpose of § 468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the "administrator" shall be Lead Counsel. Lead Counsel shall timely and properly file all informational and other tax returns necessary or advisable with respect to the Settlement Fund (including without limitation the returns described in Treas. Reg. § 1.468B-2(k)). Such returns (as well as the election described in ¶ 2.8(a)) shall be consistent with this ¶ 2.8 and in all events shall

reflect that all Taxes (including any estimated Taxes, interest or penalties) on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided in ¶ 2.8(c) hereof.

(c)    All (a) Taxes (including any estimated Taxes, interest or penalties) arising with respect to the income earned by the Settlement Fund, including any Taxes or tax detriments that may be imposed upon the Defendants, the Insurers and all other Related Parties, or their counsel with respect to any income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a "qualified settlement fund" for federal or state income tax purposes ("Taxes"), and (b) expenses and costs incurred in connection with the operation and implementation of this ¶ 2.8 (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in this ¶ 2.8) ("Tax Expenses"), shall be paid out of the Settlement Fund; in all events the Defendants, the Insurers and all other Related Parties, and their counsel shall have no liability or responsibility for the Taxes or the Tax Expenses or the filing of any tax returns or other document with the IRS or any other state or local taxing authority. Lead Counsel shall indemnify and hold each of the Defendants, the Insurers and all other Related Parties, and their counsel harmless for Taxes and Tax Expenses (including, without limitation, Taxes payable by reason of any such indemnification). Further, Taxes and Tax Expenses shall be treated as, and considered to be, a cost of administration of the Settlement Fund and shall be timely paid by Lead Counsel out of the Settlement Fund without prior order from the Court and Lead Counsel shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants

any funds necessary to pay such amounts including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treas. Reg. § 1 .468B-2(l)(2)); neither the Defendants, nor the Insurers and all other Related Parties, nor their counsel are responsible nor shall they have any liability therefore or for any reporting requirements that may relate thereto. The parties hereto agree to cooperate with Lead Counsel, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this ¶ 2.8.

(d)    For the purpose of this ¶ 2.8, references to the Settlement Fund shall include both the Settlement Fund and the Class Notice and Administration Fund and shall also include any earnings thereon.

### e.    Termination of Settlement

2.9    In the event that the Stipulation is not approved, or is terminated, canceled, or fails to become effective for any reason, including the Bankruptcy Court's denial of confirmation of the Chapter 11 Plan, the Settlement Fund (including accrued interest) and the amount remaining in the Class Notice and Administration Fund (including accrued interest, if any) less expenses actually incurred or due and owing in connection with the settlement provided for herein, shall be refunded as described in ¶ 6.5 below.

### f.    Bankruptcy Court and District Court Approval

2.10    The Debtors and Lead Plaintiff shall jointly seek approval of the Agreement as part of the Debtors' proposed Chapter 11 Plan, which will be amended to incorporate this settlement.

2.11    The Chapter 11 Plan incorporates and implements the terms and conditions of this Stipulation and constitutes and shall be deemed to be a request for

approval of such settlement by the Bankruptcy Court pursuant to Rule 9019(a) of the Federal Rules of Bankruptcy Procedure for purposes of voting on and receiving distributions under the Plan. In addition, the Debtors and Lead Plaintiff shall submit the Stipulation together with its Exhibits to the District Court and shall apply for entry of an order ("Notice Order"), substantially in the form of Exhibit A hereto, requesting, inter alia, the preliminary approval of the settlement set forth in the Stipulation, and approval for the mailing of a settlement notice ("Notice") and publication of a summary notice, substantially in the forms of Exhibit A-1 and A-3 hereto. The Notice shall include the general terms of the settlement set forth in the Stipulation, the proposed Plan of Allocation, the general terms of the Fee and Expense Application as defined in ¶ 5.1 below and the date of the Settlement Hearing as defined below. The parties agree that they will cooperate to provide notice to all Class Members who can be identified with reasonable effort. The cost of providing notice to all Class Members will be advanced as part of the Settlement Fund in accordance with ¶ 4.2(a). A preliminary hearing to consider the Stipulation before the District Court shall be held as soon as practicable thereafter. A hearing before the District Court to consider Final Approval of the Stipulation shall be held as soon as possible following preliminary approval and due and proper notice being served or published.

### g.  Trustee

2.12  All of the rights and interests of Securities Claimants on account of contingent and/or unliquidated claims arising from or relating to the alleged accounting issues that are the subject of the Lawsuit that are not released pursuant to the Plan or this settlement will either be extinguished by, or assigned to, the Trustee, as the Trustee determines in his sole discretion, without the need for any of the Securities Claimants or

any other persons to take any actions. Thereafter, the Trustee shall have the exclusive standing, power and authority to prosecute and settle such claims, in his sole discretion, subject to Bankruptcy Court approval after notice and a hearing. Any proceeds recovered by the Trustee on account of such claims, less any and all costs incurred by the Trustee in prosecution thereof, shall be divided between Securities Claimants and holders of Equity Interests pursuant to the terms of the Chapter 11 Plan and this Settlement.

### h.    Indemnification and Reimbursement Obligations

2.13    Any prepetition indemnification obligations of the Debtors, pursuant to their corporate charters and by-laws or any agreements entered into at any time prior to the Commencement Date, shall be limited to the reimbursement of the Individual Defendants for legal fees and expenses and shall be assumed under and survive confirmation of the Plan in a total amount not to exceed $1,300,000 in the aggregate for all Individual Defendants (the "Set Aside Fund"). The Debtors agree to pay, from proceeds recovered under their past or present directors and officers' insurance policies, all attorney's fees and expenses incurred by the Individual Defendants in the context of this Litigation, the Debtors' bankruptcy proceedings, and/or any related regulatory matters through the date of the District Court's Final Approval of this Agreement, up to an aggregate total of $300,000. Consequently, after Debtors pay the $300,000 incurred by the Individual Defendants (the "Initial Payment"), $1,000,000 will remain in the Set Aside Fund for any additional or future attorney's fees and expenses incurred by the Individual Defendants beyond the Initial Payment. Each Individual Defendant shall have immediate access to up to $200,000 of the $1,000,000 remaining in the Set Aside Fund (i.e., $200,000 per Individual Defendant), which shall be paid as incurred on a monthly basis within 30 days from submission of statements reflecting

reasonable attorney's fees and expenses incurred by or on behalf of the Individual Defendant. An Individual Defendant may have access to funds in excess of the Initial Payment and the $200,000 from the Set Aside Fund for additional or future attorney's fees and expenses only upon application to and approval of the District Court based on statements reflecting reasonable attorney's fees and expenses incurred by or on behalf of the Individual Defendant, which funds may be accessed on a monthly basis unless and until the Set Aside Fund is depleted. By accepting a distribution under this ¶ 2.13, any Individual Defendant who served in such capacity at any time prior to or after the Commencement Date will be deemed to have waived any and all Claims against the Debtors that meet the requirements of section 502(e)(1)(B) of the Bankruptcy Code. No right of disgorgement shall exist with respect to attorney's fees and expenses paid to a Culpable Individual prior to the date he is found to be a Culpable Individual. However, a Culpable Individual will have no right to additional or future attorney's fees and expenses after he is found to be a Culpable Individual. Other than as set forth in this ¶ 2.13, nothing herein shall be deemed to be an assumption of any other prepetition indemnification obligation and any such obligations shall be rejected pursuant to the Plan.

### 3. Releases

3.1 Upon the Effective Date, as defined in ¶ 1.12, the Representative Plaintiff and each Member of the Class shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged all Released Claims and any and all claims arising out of, based upon, relating to, or in connection with the settlement or resolution of the Litigation against each and all of the

Released Persons (including Unknown Claims), whether or not such Class Member executes and delivers the Proof of Claim and Release.

3.2     The Proof of Claim and Release to be executed by Class Members shall release all Released Claims against Released Persons and shall be substantially in the form contained in Exhibit A-2 hereto. All Class Members shall be bound by the releases set forth in this Stipulation whether or not they submit a valid and timely Proof of Claim and Release. Only those Class Members filing valid Proof of Claim and Release forms shall be entitled to participate in the settlement and receive a distribution from the settlement.

3.3     Upon the Effective Date, as defined in ¶ 1.12, each of the Released Persons shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged each and all of the Class Members, Representative Plaintiff's Counsel, and other Released Persons from all claims (including Unknown Claims), arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement or resolution of the Litigation, the Released Claims or the Debtors' chapter 11 cases. In addition, any and all scheduled or filed claims by the Individual Defendants shall be deemed withdrawn with prejudice on the Effective Date. Notwithstanding anything contained herein to the contrary, the foregoing waiver shall not release or discharge (i) Claim No. 00093 filed by Rich Adelson in the Debtors' chapter 11 cases, (ii) the Debtors right to object to such claim, or (iii) any defenses or counterclaims that the Debtor may have to assert as a set-off against Adelson's claim, but only up to the amount of such claim.

3.4    In accordance with Section 4(f)(7)(A) of the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u–4(f)(7)(A), each of the Released Persons is discharged from all claims for contribution that have been brought or may be brought by any person based upon, relating to, arising out of, or in connection with the matters alleged in Litigation or the Released Claims. Furthermore, all Released Persons are barred from bringing claims for contribution against any person based upon, relating to, arising out of, or in connection with the matters alleged in Litigation or the Released Claims. Nothing in this paragraph 3.4 precludes the Debtors, the Trustee, and/or Class Members from asserting any claim against KPMG.

## 4.    Administration and Calculation of Claims, Final Awards and Supervision and Distribution of Settlement Fund

4.1    The Claims Administrator, acting on behalf of the Class, and subject to such supervision and direction of the District Court or Lead Counsel as may be necessary or as circumstances may require, shall administer and calculate the claims submitted by Class Members and shall oversee distribution of the Net Settlement Fund (defined below) to Authorized Claimants. This is not a claims made settlement and if all conditions under this Stipulation are satisfied and the settlement receives Final approval of the District Court and Bankruptcy Court and is not overturned on appeal or overturned as a result of further proceedings on remand, or successfully collaterally attacked, no portion of the Settlement Fund will be returned to the Debtors or other contributors to the Settlement Fund.

4.2    The Settlement Fund shall be applied as follows:

(a)    to pay all the costs and expenses reasonably and actually incurred in connection with providing notice, locating Class Members, soliciting Class claims, assisting with the filing of claims,

administering and distributing the Net Settlement Fund to Authorized Claimants, processing Proof of Claim and Release forms and paying escrow fees and costs, if any;

(b)     to pay the Taxes and Tax Expenses described in ¶ 2.8 above;

(c)     to pay counsel to Representative Plaintiff attorney's fees, expenses and costs with interest thereon (the "Fee and Expense Award"), if and to the extent allowed by the District Court; and

(d)     to distribute the balance of the Settlement Fund (the "Net Settlement Fund") to Authorized Claimants as allowed by the Stipulation, the Plan of Allocation, or the District Court.

4.3     Upon the Effective Date and thereafter, and in accordance with the terms of the Stipulation, the Plan of Allocation, or such further approval and further order(s) of the District Court as may be necessary or as circumstances may require, the Net Settlement Fund shall be distributed to Authorized Claimants, subject to and in accordance with the following.

4.4     Within 90 days after the mailing of the Notice or such other time as may be set by the District Court, each Person claiming to be an Authorized Claimant shall be required to submit to the Claims Administrator a completed Proof of Claim and Release, substantially in the form of Exhibit A-2 hereto, signed under penalty of perjury and supported by such documents as specified in the Proof of Claim and Release and as are reasonably available to the Authorized Claimant.

4.5     Except as otherwise ordered by the District Court, all Class Members who fail to timely submit a Proof of Claim and Release within such period, or such other period as may be ordered by the District Court, or otherwise allowed, shall be forever barred from receiving any payments pursuant to this Stipulation and the

settlement set forth herein, but will in all other respects be subject to and bound by the provisions of this Stipulation, the releases contained herein, and the Judgment.

4.6    The Net Settlement Fund shall be distributed to the Authorized Claimants substantially in accordance with a Plan of Allocation to be described in the Notice and approved by the District Court. However, if there is any balance remaining in the Net Settlement Fund after six (6) months from the date of distribution of the Net Settlement Fund (whether by reason of tax refunds, uncashed checks or otherwise) Plaintiff's Settlement Counsel shall reallocate such balance among Authorized Claimants in an equitable and economic fashion. Thereafter, any balance which still remains in the Net Settlement Fund shall be delivered to the Debtors for distribution to holders of Equity Interests pursuant to the Chapter 11 Plan.

4.7    The Defendants, the Insurers and all other Related Parties, and their counsel shall have no responsibility for, interest in, or liability whatsoever with respect to the investment or distribution of the Net Settlement Fund, the Plan of Allocation, the determination, administration, or calculation of claims, the payment or withholding of Taxes, or any losses incurred in connection therewith. No Person shall have any claim of any kind against Defendants, the Insurers and all other Related Parties, or their counsel with respect to the matters set forth in this paragraph, and the Class Members and Representative Plaintiff's Counsel release Defendants, the Insurers and all other Related Parties, and their counsel from any and all liability arising from or with respect to the investment or distribution of the Settlement Fund.

4.8    No Person shall have any claim against Plaintiff's Settlement Counsel or any claims administrator, or Defendants, the Insurers and all other Related

Parties, or their counsel, based on the distributions made in accordance with this Stipulation and the settlement contained herein, the Plan of Allocation, or further orders of the District Court.

4.9      It is understood and agreed by the Settling Parties that any proposed Plan of Allocation of the Net Settlement Fund including, but not limited to, any adjustments to an Authorized Claimant's claim set forth therein, is not a part of the Stipulation and is to be considered by the District Court separately from the District Court's consideration of the fairness, reasonableness and adequacy of the settlement set forth in the Stipulation, and any order or proceeding relating to the Plan of Allocation shall not operate to terminate or cancel the Stipulation or affect the finality of the District Court's Judgment approving the Stipulation and the settlement set forth therein, or any other orders entered pursuant to the Stipulation.

## 5.      Representative Plaintiff's Counsel's Attorney's Fees and Reimbursement of Expenses

5.1      The Representative Plaintiff or Representative Plaintiff's Counsel may submit an application or applications (the "Fee and Expense Application") for distributions to them from the Settlement Fund for: (a) an award of attorney's fees; plus (b) reimbursement of actual expenses and costs, including the fees of any experts or consultants incurred in connection with prosecuting the Litigation, plus any interest on such attorney's fees, costs and expenses at the same rate and for the same periods as earned by the Settlement Fund (until paid) as may be awarded by the District Court. Representative Plaintiff's Counsel reserve the right to make additional applications for fees and expenses incurred to be paid from the Settlement Fund.

5.2    The attorney's fees, expenses and costs, including the fees of experts and consultants, as awarded by the District Court, shall be paid to Plaintiff's Settlement Counsel from the Settlement Fund, as ordered, immediately after the District Court executes an order awarding such fees and expenses subject to: (i) Lead Counsel's obligation to provide counsel with adequate security for repayment; and (ii) Lead Counsel's joint and several obligation to make appropriate refunds or repayments to the Settlement Fund plus accrued interest at the same net rate as is earned by the Settlement Fund, if and when, as a result of any appeal and/or further proceedings on remand or successful collateral attack, the fee or cost award is reduced or reversed. Plaintiff's Settlement Counsel shall thereafter allocate the attorney's fees amongst Representative Plaintiff's Counsel in a manner in which they in good faith believe reflects the contributions of such counsel to the Litigation. In the event that the Effective Date does not occur, or the Judgment or the order making the Fee and Expense Award is reversed or modified, or the Stipulation is cancelled or terminated for any other reason, and in the event that the Fee and Expense Award has been paid to any extent, then Representative Plaintiff's Counsel shall within five (5) business days from receiving notice from Defendants' counsel or from a court of appropriate jurisdiction, refund to the Settlement Fund, the fees, expenses and costs awarded by the District Court plus interest thereon at the same rate as earned on the Settlement Fund in an amount consistent with such reversal or modification. Each such Representative Plaintiff's Counsel's law firm, as a condition of receiving such fees and expenses, on behalf of itself and each partner and/or shareholder of it, agrees that the law firm and its partners and/or shareholders are subject to the jurisdiction of the District Court for the purpose of enforcing the provisions of this

paragraph. The provisions of this paragraph shall be a joint and several obligation of all of the Representative Plaintiff's Counsel. The obligation to make appropriate refund or repayment may be enforced by summary orders of the U.S. District Court of the Southern District of New York.

5.3    The procedure for and the allowance or disallowance by the District Court of any applications by Representative Plaintiff's Counsel for attorney's fees, costs and expenses, including the fees of experts and consultants, to be paid out of the Settlement Fund, are not part of the settlement set forth in the Stipulation, and are to be considered by the District Court separately from the District Court's consideration of the fairness, reasonableness and adequacy of the settlement set forth in the Stipulation. Any order or proceeding relating to the Fee and Expense Application, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel the Stipulation, or affect or delay the finality of the Judgment approving the Stipulation and the settlement of the Litigation set forth therein.

5.4    Defendants, the Insurers and all other Related Parties shall have no responsibility for, and no liability whatsoever with respect to, any payment to Plaintiff's Settlement Counsel from the Settlement Fund or otherwise.

5.5    Defendants, the Insurers and all other Related Parties shall have no responsibility for, and no liability whatsoever with respect to the allocation among Representative Plaintiff's Counsel, and/or any other Person who may assert some claim thereto, of any Fee and Expense Award that the District Court may make in the Litigation.

6.  **Conditions of Settlement, Effect of Disapproval, Cancellation or Termination**

6.1    The Effective Date of the Stipulation shall be conditioned on the occurrence of all of the following events:

   (a)    Defendants have timely caused their contributions to the Settlement Fund to be made as required by ¶ 2.1 above;

   (b)    the District Court has entered the Notice Order, as required by ¶ 2.11 above;

   (c)    the District Court has entered the Judgment, or a judgment substantially in the form of Exhibit B hereto, including, inter alia, the bar order provisions;

   (d)    the Judgment has become Final, as defined in ¶ 1.15 above;

   (e)    Defendants have not exercised the option to terminate the Stipulation and settlement in accordance with the terms of the Supplemental Agreement described in ¶ 6.2;

   (f)    the District Court has approved the Stipulation by Final Order; and

   (g)    the Bankruptcy Court has confirmed the Chapter 11 Plan by final and non-appealable order, provided the Debtors and the Equity Committee or Trustee may waive the condition that the confirmation order be final and non-appealable.

6.2    If prior to the Settlement Hearing, Persons who otherwise would be Members of the Class have filed with the District Court valid and timely requests for exclusion ("Requests for Exclusion") from the Class in accordance with the provisions of the Notice Order and the notice given pursuant thereto, and such persons in the aggregate purchased a number of common stock during the Class Period in an amount greater than the amount specified in a separate Supplemental Agreement between the parties (the

"Supplemental Agreement"), Defendants, subject to prior consultation with the Equity Committee or the Trustee, but otherwise in their sole and absolute discretion, shall have the option to terminate this Stipulation in accordance with the procedures set forth in the Supplemental Agreement. The Supplemental Agreement will not be filed with the District Court unless and until a dispute among the parties concerning its interpretation or application arises. Copies of all Requests for Exclusion received, together with copies of all written revocations of Requests for Exclusion, shall be delivered to counsel for Defendants no later than twenty (20) days prior to the Settlement Hearing.

6.3     Upon the occurrence of all of the events referenced in ¶ 6.1 above, any and all remaining interest or right of Defendants in or to the Settlement Fund, if any, shall be absolutely and forever extinguished.

6.4     If one or more of the conditions specified in ¶ 6.1 are not met, then the Stipulation shall be canceled and terminated subject to ¶ 6.6 unless Plaintiff's Settlement Counsel and counsel for Defendants, subject to prior consultation with the Equity Committee or Trustee, but otherwise in their sole and absolute discretion, mutually agree in writing to proceed with the Stipulation.

6.5     Unless otherwise ordered by the District Court, in the event the Stipulation shall terminate, or be canceled, or shall not become effective for any reason, within ten (10) days after written notification of such event is sent by counsel for Defendants or Plaintiff's Settlement Counsel to the Escrow Agent, the Settlement Fund (including accrued interest), plus any amount then remaining in the Class Notice and Administration Fund (including accrued interest), less expenses and any costs which have either been disbursed pursuant to ¶ 2.7 hereto, or are chargeable to the Class Notice and

Administration Fund, shall be refunded by the Escrow Agent pursuant to written instructions from counsel to Defendants or its Insurers. At the request of counsel to Defendants or its Insurers, the Escrow Agent or its designee shall apply for any tax refund owed to the Settlement Fund and pay the proceeds, after deduction of any fees or expenses incurred in connection with such application(s) for refund, to Defendants and their applicable Insurers, with refund to the applicable Insurers first, and reimbursed in the following priority: National Union, ACE American Insurance Company, Travelers Casualty Surety Company.

6.6    In the event that the Stipulation is not approved by both the District Court and the Bankruptcy Court, or the settlement set forth in the Stipulation is terminated or fails to become effective in accordance with its terms, the Settling Parties shall be restored to their respective positions in the Litigation as of the date of the execution of this Agreement. In such event, the terms and provisions of the Stipulation, with the exception of ¶¶ 1.1-1.31, 6.4-6.8, 7.2-7.3, 7.9-7.14 herein, shall have no further force and effect with respect to the Settling Parties and shall not be used in the Litigation or in any other proceeding for any purpose, and any judgment or order entered by the District Court in accordance with the terms of the Stipulation shall be treated as vacated, *nunc pro tunc.* No order of the District Court or modification or reversal on appeal of any order of the District Court concerning the Plan of Allocation or the amount of any attorney's fees, costs, expenses and interest awarded by the District Court to the Representative Plaintiffs or any of his counsel shall constitute grounds for cancellation or termination of the Stipulation.

6.7    If the Effective Date does not occur, or if the Stipulation is terminated pursuant to its terms, neither the Representative Plaintiff nor Representative Plaintiff's Counsel shall have any obligation to repay any amounts actually and properly disbursed from the Class Notice and Administration Fund. In addition, any expenses already incurred and properly chargeable to the Class Notice and Administration Fund pursuant to ¶ 2.7 hereof at the time of such termination or cancellation but which have not been paid, shall be paid by the Escrow Agent in accordance with the terms of the Stipulation prior to the balance being refunded in accordance with ¶ 6.5 above.

### 7.    Miscellaneous Provisions

7.1    The Settling Parties (a) acknowledge that it is their intent to consummate this Stipulation; and (b) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of the Stipulation and to exercise their best efforts to accomplish the foregoing terms and conditions of the Stipulation.

7.2    The parties intend this settlement to be a final and complete resolution of all disputes between them with respect to the Litigation. The settlement compromises claims which are contested and shall not be deemed an admission by any Settling Party as to the merits of any claim or defense. The Settling Parties agree that the amount paid to the Settlement Fund and the other terms of the settlement were negotiated in good faith by the Settling Parties, and reflect a settlement that was reached voluntarily after consultation with competent legal counsel. While retaining their right to deny that claims advanced in the Litigation were meritorious, Defendants in any statement to any media representative, whether or not for attribution, will not deny that, based upon the publicly available information at the time, the Litigation was filed in good faith and in

compliance with Rule 11 of the Federal Rules of Civil Procedure. The Settling Parties agree that in any statement to the media, the Settling Parties will not characterize the prosecution or defense of the Litigation as frivolous or in bad faith. The Final Judgment will contain a statement that during the course of the Litigation, the parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

7.3     Neither the Stipulation nor the settlement, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Defendants; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Defendants in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. Defendants may file the Stipulation and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata,* collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim. By agreeing to this settlement, Defendants do not admit any claim alleged in the Litigation.

7.4     Any stipulations made and orders entered during the course of the Litigation relating to the confidentiality of information shall survive this Stipulation.

7.5     Within thirty (30) business days following the Judgment or other order dismissing the Litigation with prejudice becoming Final, Plaintiff's Settlement

Counsel shall destroy any documents provided by Defendants to Plaintiff in the Litigation and confirm such destruction in writing to counsel for Defendants.

7.6    All of the Exhibits to the Stipulation are material and integral parts hereof and are fully incorporated herein by this reference.

7.7    The Stipulation may be amended or modified only by a written instrument signed by or on behalf of all Settling Parties or their respective successors-in-interest and approval by the District Court.

7.8    This Stipulation and the Exhibits hereto and the Supplemental Agreement constitute the entire Stipulation among the parties hereto and no representations, warranties or inducements have been made to any party concerning the Stipulation or its Exhibits, other than the representations, warranties and covenants contained and memorialized in such documents. Except as otherwise provided herein, each party shall bear its own costs and attorney's fees.

7.9    Plaintiff's Settlement Counsel, on behalf of the Class, are expressly authorized by the Representative Plaintiff to take all appropriate action required or permitted to be taken by the Class pursuant to the Stipulation to effectuate its terms and also are expressly authorized to enter into any modifications or amendments to the Stipulation on behalf of the Class which they deem appropriate.

7.10    Each counsel or other Person executing the Stipulation or any of its Exhibits on behalf of any party hereto hereby warrants that such Person has the full authority to do so.

7.11    The Stipulation may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same.

instrument. A complete set of original executed counterparts shall be filed with the District Court.

7.12    The Stipulation shall be binding upon, and inure to the benefit of, the successors and assigns of the parties hereto.

7.13    The District Court shall retain jurisdiction with respect to implementation and enforcement of the terms of the Stipulation, and all parties hereto submit to the jurisdiction of the District Court for purposes of implementing and enforcing the settlement embodied in the Stipulation.

7.14    This Stipulation and the Exhibits hereto shall be considered to have been negotiated, executed and delivered, and to be wholly performed, in the State of New York, and the rights and obligations of the parties to the Stipulation shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of the State of New York without giving effect to that State's choice-of-law principles.

IN WITNESS WHEREOF, the parties hereto have caused the Stipulation to be executed, by their duly authorized attorneys, dated as of *January 14, 2005*

*Date of Agreement p.m.*

LERACH  COUGHLIN  STOIA  GELLER RUDMAN & ROBBINS LLP

_____

Samuel Rudman, Esq.
200 Broadhollow, Suite 406
Melville, NY 11747
(Tel): (631) 367-7100
(Fax): (631) 367-1173

Lead Counsel for Plaintiff

instrument. A complete set of original executed counterparts shall be filed with the District Court.

    7.12   The Stipulation shall be binding upon, and inure to the benefit of, the successors and assigns of the parties hereto.

    7.13   The District Court shall retain jurisdiction with respect to implementation and enforcement of the terms of the Stipulation, and all parties hereto submit to the jurisdiction of the District Court for purposes of implementing and enforcing the settlement embodied in the Stipulation.

    7.14   This Stipulation and the Exhibits hereto shall be considered to have been negotiated, executed and delivered, and to be wholly performed, in the State of New York, and the rights and obligations of the parties to the Stipulation shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of the State of New York without giving effect to that State's choice-of-law principles.

    IN WITNESS WHEREOF, the parties hereto have caused the Stipulation to be executed, by their duly authorized attorneys, dated as of _January 10 2005_

                    LERACH COUGHLIN STOIA GELLER
                    RUDMAN & ROBBINS LLP

                    _Samuel Rudman / by eg_

                    Samuel Rudman, Esq.
                    200 Broadhollow, Suite 406
                    Melville, NY 11747
                    (Tel): (631) 367-7100
                    (Fax): (631) 367-1173

                    Lead Counsel for Plaintiff

LERACH COUGHLIN STOIA GELLER
RUDMAN & ROBBINS LLP
Ellen Gusikoff Stewart
401 B Street, Suite 1600
San Diego, CA 92101
(Tel): (619) 231-1058
(Fax): (619) 231-7423

Lead Counsel for Plaintiff


CARLO & CONNOR
John T. DeCarlo
Daniel M. Shanley
533 South Fremont Avenue, 9th Floor
Los Angeles, CA 90071-1706
(Tel): (213) 488-4100
(Fax): (213) 488-4180

Counsel for Plaintiff


WEIL, GOTSHAL & MANGES LLP

_____
George A. Davis
Robert Carangelo
Paul Ferrillo  (PF-7886)
Nader Mobargha
767 Fifth Avenue
New York, NY 10153-0119
Telephone: 212-310-8000
Facsimile: 212-310-8007

Counsel for all Debtors

PAUL, HASTINGS, JANOFSKY &
WALKER LLP

_____  1/12/05

Howard M. Privette
515 South Flower Street
Twenty-Fifth Floor
Los Angeles, CA 90071
Telephone: 213-683-6229
Facsimile:  213-996-3229

Counsel for Anu D. Saad

KAYE SCHOLER LLP

_____  1/11/05

Jay G. Strum
425 Park Avenue
New York, NY 10022-3598
Telephone: 212-836-8643
Facsimile:  212-836-8000

Counsel for Richard Adelson

PILLSBURY WINTHROP LLP

_____  1/11/05

David G. Keyko
1540 Broadway
New York, NY 10036
Telephone: 212-858-1604
Facsimile:  212-858-1500

Counsel for David Cammarata

WEIL, GOTSHAL & MANGES LLP

_Pel A Fello_

George A. Davis
Robert Carangelo
Paul Ferrillo  (PF - 7886)
Nader Mobargha
767 Fifth Avenue
New York, NY 10153-0119
Telephone: 212-310-8000
Facsimile: 212-310-8007

Counsel for James V. Agnello

WEIL, GOTSHAL & MANGES, LLP

_Paul A Ferllo_

George A. Davis
Robert Carangelo
Paul Ferrillo  (PF - 7886)
Nader Mobargha
767 Fifth Avenue
New York, NY 10153-0119
Telephone: 212-310-8000
Facsimile: 212-310-8007

Counsel for Carter Eckert

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

|  | ) | Case No. 03-CV-5667 DAB |
|---|---|---|
| IN RE IMPATH INC., | ) | |
| SECURITIES LITIGATION. | ) | |
|  | ) | |
|  | ) | |
|  | ) | |


[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING
FOR NOTICE

EXHIBIT A


Samuel Rudman, Esq.

Lerach Coughlin Stoia Geller
Rudman & Robbins LLP
200 Broadhollow, Suite 406
Melville, NY 11747
Tel:  (631) 367-7100
Fax:  (631) 367-1173

Lead Counsel for Plaintiff

WHEREAS, a class action is pending before the District Court entitled *In re Impath Inc. Securities Litigation*, Case No. 03-CV-5667;

WHEREAS, the District Court has received the Stipulation of Settlement dated as of January __, 2005 (the "Stipulation"), that has been entered into by the Representative Plaintiff and Defendants, and the District Court has reviewed the Stipulation and its attached Exhibits; and

WHEREAS, the parties having made application, pursuant to Federal Rule of Civil Procedure 23(e), for an order preliminarily approving the settlement of this Litigation, in accordance with the Stipulation which, together with the Exhibits annexed thereto sets forth the terms and conditions for a proposed settlement of the Litigation and for dismissal of the Litigation with prejudice upon the terms and conditions set forth therein; and the District Court having read and considered the Stipulation and the Exhibits annexed thereto; and

WHEREAS, all defined terms contained herein shall have the same meanings as set forth in the Stipulation;

NOW, THEREFORE, IT IS HEREBY ORDERED that:

1. The District Court does hereby preliminarily approve the Stipulation and the settlement set forth therein, subject to further consideration at the Settlement Hearing described below.

2. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the District Court hereby certifies a class for settlement purposes only to consist of all Persons who purchased or otherwise acquired the common stock of Impath Inc. ("Impath") during the period from February 21, 2001 through July 29, 2003. Excluded from the Class are Defendants, members of the immediate families of the Individual Defendants, any entity in which any Defendant has a

controlling interest, past or present officers and directors of Impath and the legal representatives, affiliates, heirs, successors or assigns of any such excluded Person. Also excluded from the Class are those Persons who timely and validly request exclusion from the Class pursuant to the Notice of Pendency and Proposed Settlement of Class Action to be sent to the Class.

3. The District Court finds, for the sole purpose of this settlement, that the Class defined herein satisfies the prerequisites for a class action under Rule 23(a) and (b) of the Federal Rules of Civil Procedure.

4. A hearing (the "Settlement Hearing") shall be held before this District Court on _____, 2005, at ___ __.m., at the United States Courthouse, 40 Foley Square, New York, NY 10007, to determine whether the proposed settlement of the Litigation on the terms and conditions provided for in the Stipulation is fair, reasonable and adequate to the Settlement Class and should be approved by the District Court; whether a Judgment as provided in ¶ 1.18 of the Stipulation should be entered herein; whether the proposed Plan of Allocation should be approved; and to determine the amount of fees and expenses that should be awarded to Representative Plaintiff's Counsel. The District Court may adjourn the Settlement Hearing without further notice to Members of the Class.

5. The District Court approves, as to form and content, the Notice of Pendency and Proposed Settlement of Class Action (the "Notice"), the Proof of Claim and Release form (the "Proof of Claim"), and Summary Notice for publication ("Summary Notice") annexed as Exhibits A-1, A-2 and A-3 hereto and finds that the mailing and distribution of the Notice and publishing of the Summary Notice substantially in the manner and form set forth in ¶¶ 6-7 of this Order meet the requirements of Federal Rule of Civil Procedure 23 and due process, and is the

best notice practicable under the circumstances and shall constitute due and sufficient notice to all Persons entitled thereto.

6.  Plaintiff's Settlement Counsel are hereby authorized to retain the firm of Gilardi & Co., LLC ("Claims Administrator") to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below.

(a)  Not later than _____, 2005 (the "Notice Date"), Plaintiff's Settlement Counsel shall cause a copy of the Notice and the Proof of Claim, substantially in the forms annexed as Exhibits A-1 and A-2 hereto, to be mailed by first class mail to all Class Members who can be identified with reasonable effort;

(b)  Not later than _____, 2005, Plaintiff's Settlement Counsel shall cause the Summary Notice to be published once in *Investor's Business Daily*; and

(c)  At least seven (7) days prior to the Settlement Hearing, Plaintiff's Settlement Counsel shall cause to be served on Defendants' counsel and filed with the District Court proof, by affidavit or declaration, of such mailing and publishing.

7.  Nominees who purchased or otherwise acquired the common stock of Impath during the period beginning February 21, 2001 through July 29, 2003, inclusive, shall send the Notice and the Proof of Claim to all beneficial owners of such stock within ten (10) days after receipt thereof, or send a list of the names and addresses of such beneficial owners to the Claims Administrator within ten (10) days of receipt thereof in which event the Claims Administrator shall promptly mail the Notice and Proof of Claim to such beneficial owners. Plaintiff's Settlement Counsel shall, if requested, reimburse banks, brokerage houses or other nominees solely for their reasonable out-of-pocket expenses incurred in providing notice to beneficial owners who are Class Members out of the Settlement Fund, which expenses would not have

been incurred except for the sending of such Notice, subject to further order of this District Court with respect to any dispute concerning such compensation.

8.      Any Person falling within the definition of the Class may, upon request, be excluded from the settlement. Any such Person must submit to the Claims Administrator a request for exclusion ("Request for Exclusion"), postmarked no later than _____, 2005. A Request for Exclusion must state: (1) the name, address, and telephone number of the Person requesting exclusion; (2) the Person's purchases, acquisitions and sales of Impath's common stock made during the Class Period, including the dates, the number of shares and the price paid or received per share for each such purchase, acquisition or sale; and (3) that the Person wishes to be excluded from the Class. All Persons who submit valid and timely Requests for Exclusion in the manner set forth in this paragraph shall have no rights under the Stipulation, shall not share in the distribution of the Settlement Fund, and shall not be bound by the Stipulation or the Final Judgment.

9.      All Members of the Class shall be bound by all determinations and judgments in the Litigation concerning the settlement, whether favorable or unfavorable to the Settlement Class.

10.     Class Members who wish to participate in the settlement shall complete and submit Proof of Claim forms in accordance with the instructions contained therein. Unless the Court orders otherwise, all Proof of Claim forms must be submitted no later than ninety (90) days from the Notice Date. Any Class Member who does not timely submit a Proof of Claim within the time provided for, shall be barred from sharing in the distribution of the proceeds of the Settlement Fund, unless otherwise ordered by the District Court, but the claims of such Class Members shall nonetheless be barred by entry of the Judgment.

11.    Any Member of the Class may enter an appearance in the Litigation, at their own expense, individually or through counsel of their own choice. If they do not enter an appearance, they will be represented by Plaintiffs' Settlement Counsel.

12.    Pending resolution of these settlement proceedings, no other action now pending or hereafter filed arising out of all or any part of the subject matter of the Litigation shall be maintained as a class action, and except as provided by this or further order of the District Court, for good cause shown, all Class Members are hereby enjoined during the pendency of these settlement proceedings from filing or prosecuting purported class actions against any Person with respect to any of the Released Claims.

13.    Any Member of the Class may appear and show cause, if he, she or it has any, why the proposed settlement of the Litigation should or should not be approved as fair, reasonable and adequate, why a judgment should or should not be entered thereon, why the Plan of Allocation should or should not be approved, or why attorney's fees and expenses should or should not be awarded to counsel for the Representative Plaintiff; provided, however, that no Class Member or any other Person shall be heard or entitled to contest the approval of the terms and conditions of the proposed settlement, or, if approved, the Judgment to be entered thereon approving the same, or the order approving the Plan of Allocation, or the attorney's fees and expenses to be awarded to counsel for the Representative Plaintiff, unless that Person has delivered by hand or sent by first class mail written objections and copies of any papers and briefs such that they are received on or before _____, 2005, by the following: Samuel Rudman, Esq., Lerach Coughlin Stoia Geller Rudman & Robbins LLP, 200 Broadhollow, Suite 406, Melville, NY 11747, and George Davis, Robert Carangelo, Paul Ferrillo, Nader Mobargha, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153. Said objections,

papers and briefs shall also be filed with the Clerk of the United States District Court for the Southern District of New York, on or before _____, 2005. Any Member of the Class who does not make his, her or its objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed settlement as set forth in the Stipulation, to the Plan of Allocation, or to the award of attorney's fees and expenses to counsel for the Representative Plaintiff, unless otherwise ordered by the District Court.

14.    The passage of title and ownership of the Settlement Fund to the Escrow Agent in accordance with the terms and obligations of the Stipulation is approved. No Person that is not a Class Member or counsel to the Representative Plaintiff shall have any right to any portion of, or in the distribution of, the Settlement Fund unless otherwise ordered by the District Court or otherwise provided in the Stipulation.

15.    All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the District Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

16.    All papers in support of the settlement, the Plan of Allocation, and any application by counsel for the Representative Plaintiff for attorney's fees or reimbursement of expenses shall be filed and served by seven (7) calendar days prior to the Settlement Hearing.

17.    Neither Defendants, nor the Insurers and all other Related Parties, nor Defendants' counsel shall have any responsibility for the Plan of Allocation or any application for attorney's fees or reimbursement of expenses submitted by Representative Plaintiff's

Counsel, and such matters will be considered separately from the fairness, reasonableness and adequacy of the settlement.

18.     At or after the Settlement Hearing, the Court shall determine whether the Plan of Allocation proposed by Plaintiff's Settlement Counsel, and any application for attorney's fees or reimbursement of expenses shall be approved.

19.     All reasonable expenses incurred in identifying and notifying Class Members, as well as administering the Settlement Fund, shall be paid as set forth in the Stipulation. Except as provided in ¶¶ 2.7, 2.9 and 6.5 of the Stipulation, in the event the settlement is not approved by the District Court, or otherwise fails to become effective, neither the Representative Plaintiff nor any of his counsel shall have any obligation to repay the reasonable and actual costs of class notice and of administration.

20.     Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by Defendants of the truth of any of the allegations in the Litigation, or of any liability, fault, or wrongdoing of any kind.

21.     The District Court reserves the right to adjourn the date of the Settlement Hearing without further notice to the Members of the Class, and retains jurisdiction to consider all further applications arising out of or connected with the proposed settlement. The District Court may approve the settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Class.

IT IS SO ORDERED.


DATED: _____     _____
                                  THE HONORABLE DEBORAH A. BATTS
                                  UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

|  | ) Case No. 03-cv-5667-DAB |
|---|---|
| IN RE IMPATH INC. | ) |
| SECURITIES LITIGATION. | ) |
|  | ) |
|  | ) |
|  | ) |

NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION

EXHIBIT A-1

Samuel Rudman, Esq.

Lerach Coughlin Stoia Geller
Rudman & Robbins LLP
200 Broadhollow, Suite 406
Melville, NY 11747
Tel: (631) 367-7100
Fax: (631) 367-1173

Lead Counsel for Plaintiff

TO:   ALL PERSONS WHO PURCHASED OR OTHERWISE ACQUIRED THE
COMMON STOCK OF IMPATH INC. ("IMPATH") DURING THE PERIOD
FROM FEBRUARY 21, 2001 THROUGH JULY 29, 2003

PLEASE READ THIS NOTICE CAREFULLY AND IN ITS
ENTIRETY. YOUR RIGHTS MAY BE AFFECTED BY PROCEEDINGS IN THIS
LITIGATION. PLEASE NOTE THAT IF YOU ARE A CLASS MEMBER, YOU MAY
BE ENTITLED TO SHARE IN THE PROCEEDS OF THE SETTLEMENT
DESCRIBED IN THIS NOTICE. TO CLAIM YOUR SHARE OF THIS FUND, YOU
MUST SUBMIT A VALID PROOF OF CLAIM POSTMARKED ON OR BEFORE
_____, 2005.

This Notice has been sent to you pursuant to Rule 23 of the Federal Rules
of Civil Procedure and an Order of the United States District Court for the Southern
District of New York, (the "District Court"). The purpose of this Notice is to inform you
of the proposed settlement of this class action litigation, and of the hearing to be held by
the District Court to consider the fairness, reasonableness, and adequacy of the
settlement. This Notice describes the rights you may have in connection with the
settlement and what steps you may take in relation to the settlement and the Litigation.

The proposed settlement creates a fund, which will include a minimum of
$22.6 million and interest that accrues on the fund prior to distribution (the "Settlement
Fund"). The remaining amount of the Settlement Fund will include 22% of any net
proceeds recovered by the Trustee on account of contingent and/or unliquidated claims
held by the Debtors and/or holders of the Securities Litigation Claims arising from or
relating to the alleged accounting issues that are the subject of the Securities Class Action
Lawsuit that are not released pursuant to the Chapter 11 Plan or Class Action Settlement.

Your actual recovery from this fund will also depend on a number of variables including the number of claimants, the number of shares you purchased and sold, if any, the expense of administering the claims process, and the timing of your purchases and sales, if any.

Representative Plaintiff and Defendants do not agree on the average amount of damages per share that would be recoverable if Representative Plaintiff was to have prevailed on each claim asserted. The issues on which the parties disagree include (1) the appropriate economic model for determining the amount by which Impath common stock was allegedly artificially inflated (if at all) during the Class Period; (2) the amount by which Impath common stock was allegedly artificially inflated (if at all) during the Class Period; (3) the effect of various market forces influencing the trading price of Impath common stock at various times during the Class Period; (4) the extent to which external factors, such as general market conditions, influenced the trading price of Impath common stock at various times during the Class Period; (5) the extent to which the various matters that Representative Plaintiff alleged were materially false or misleading influenced (if at all) the trading price of Impath common stock at various times during the Class Period; (6) the extent to which the various allegedly adverse material facts that Representative Plaintiff alleged were omitted influenced (if at all) the trading price of Impath common stock at various times during the Class Period; and (7) whether the statements allegedly made or facts allegedly omitted were false, material or otherwise actionable under the federal securities laws.

The Representative Plaintiff believes that the proposed settlement is a very good recovery and is in the best interests of the Class. Because of the risks associated

with continuing to litigate and proceeding to trial, especially in light of Impath's bankruptcy, there was a danger that plaintiff would not have prevailed on any of its claims, in which case the Class would receive nothing. Recoverable damages in this case are limited to losses caused by conduct actionable under applicable law and, had the Litigation gone to trial, Defendants intended to assert that all or most of the losses of Class Members were caused by non-actionable market, industry or general economic factors.

By agreeing to this settlement, Defendants do not admit that they made any misleading statement or omitted to disclose any material fact required to be disclosed.

Representative Plaintiff's Counsel have not received any payment for their services in conducting this Litigation on behalf of the Representative Plaintiff and the Members of the Class, nor have they been reimbursed for their out-of-pocket expenditures. If the settlement is approved by the District Court, counsel for the plaintiff will apply to the District Court for attorney's fees of approximately 21% of the $22.6 million fund and reimbursement of out-of-pocket expenses not to exceed $_____.00 to be paid from the settlement proceeds.[1] If the amount requested by counsel is approved by the District Court, the average cost per share would be $ 1.35. The average cost per share will vary depending on the number of shares for which claims are filed and the total amount of the Settlement Fund.

---

[1] Representative Plaintiffs' counsel will seek attorneys fees of up to 27% of any recovery by the Trustee to be paid to the Class, plus reimbursement of out-of-pocket expenses.

This Notice is not an expression of any opinion by the District Court about the merits of any of the claims or defenses asserted by any party in this Litigation or the fairness or adequacy of the proposed settlement.

For further information regarding this settlement you may contact: Samuel Rudman, Esq., Lerach Coughlin Stoia Geller Rudman & Robbins LLP, 200 Broadhollow, Suite 406, Melville, NY 11747, Telephone (631) 367-7100. Do not call any Defendant or the District Court.

## I.    NOTICE OF HEARING ON PROPOSED SETTLEMENT

A settlement hearing will be held on _____, 2005, at ____ _.m., before the Honorable Deborah A. Batts, United States District Judge, at the United States District Court, Southern District of New York, United States District Courthouse, 40 Foley Square, New York, NY 10007 (the "Settlement Hearing"). The purpose of the Settlement Hearing will be to determine: (1) whether the settlement should be approved as fair, reasonable and adequate to Members of the Class; (2) whether the proposed plan to distribute the settlement proceeds (the "Plan of Allocation") is fair, reasonable, and adequate; (3) whether the application by Lead Counsel for an award of attorney's fees and expenses should be approved; and (4) whether the Litigation should be dismissed with prejudice. The District Court may adjourn or continue the Settlement Hearing without further notice to the Class.

## II.    DEFINITIONS USED IN THIS NOTICE

1.    "Class" or "Settlement Class" mean all Persons who purchased or otherwise acquired the common stock of Impath during the period from February 21, 2001 through July 29, 2003. Excluded from the Class are Defendants, members of the

immediate families of the individual defendants, any entity in which any Defendant has a controlling interest, past or present officers and directors of Impath, and the legal representatives, affiliates, heirs, successors or assigns of any such excluded Person. Also excluded from the Class are those Persons who timely and validly request exclusion from the Class pursuant to this Notice of Pendency and Proposed Settlement of Class Action.

2. "Class Period" means the period commencing on February 21, 2001 through and including July 29, 2003.

3. "Class Member" or "Member of the Class" means a Person who falls within the definition of the Class as set forth in ¶ 2 above.

4. "Commencement Date" means September 28, 2003, the date on which the Debtors commenced their Chapter 11 Cases.

5. "Culpable Individual" means any present or former director, officer, or employee of the Debtors who is or has been convicted of a crime, or found in fact in any judicial proceeding to have committed knowing and intentional fraud with respect to matters alleged as a basis for liability in this Litigation.

6. "Debtors" means Impath Inc. and its debtor subsidiaries.

7. "Defendants" means Impath Inc., Anu D. Saad, Richard Adelson, David Cammarata, James V. Agnello and Carter H. Eckert.

8. "Individual Defendants" means Anu D. Saad, Richard Adelson, David J. Cammarata, James V. Agnello, and Carter H. Eckert.

9. "Insurers" means National Union Fire Insurance Company of Pittsburgh, Pa. ("National Union"), ACE American Insurance Company, and Travelers Casualty & Surety Company.

10. "Person" means an individual, natural person, corporation, partnership, limited partnership, limited liability company, association, joint stock company, joint venture, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and their respective spouses, heirs, predecessors, successors, representatives, or assignees.

11. "Plaintiff's Settlement Counsel" or "Lead Counsel" means Lerach Coughlin Stoia Geller Rudman & Robbins LLP, 200 Broadhollow, Suite 406, Melville, NY 11747, Telephone (631) 367-7100, Fax (631) 367-1173.

12. "Plan of Allocation" means a plan or formula of allocation of the Settlement Fund whereby the Settlement Fund shall be distributed to Authorized Claimants after payment of expenses of notice and administration of the settlement, Taxes and Tax Expenses and such attorney's fees, costs, expenses and interest as may be awarded by the District Court. Any Plan of Allocation is not part of the Stipulation and the Released Persons shall have no responsibility or liability with respect thereto.

13. "Related Parties" means each of the Defendants and any and all of the members of their families and each Defendant's parents, subsidiaries, divisions, joint ventures, or affiliates, including but not limited to any entity in which any Defendant has or had a majority-owned interest; and each of the foregoing listed person's past or present directors, officers, employees, partners, members, principals, agents, underwriters, managing directors, syndicate members, controlling shareholders, attorneys, banks or investment banks, associates, personal or legal representatives, predecessors, successors, assigns, spouses, heirs, related or affiliated entities, any entity in which a Defendant or a Defendant's family has a controlling interest, or any trust of which any Defendant is the

settlor or which is for the benefit of any Defendant and/or member(s) of his or her family, or Insurers, including, without limitation, National Union, ACE American Insurance Company, and Travelers Casualty & Surety Company and the Insurers' reinsurers.

14.    "Released Claims" shall collectively mean any and all claims (including "Unknown Claims" as defined in ¶ 18 hereof), demands, rights, liabilities and causes of action of every nature and description whatsoever, known or unknown, whether or not concealed or hidden, asserted or that could or might have been asserted, including, without limitation, claims for negligence, gross negligence, negligent misrepresentation, breach of duty of care and/or breach of duty of loyalty, fraud, breach of fiduciary duty, or violations of any state or federal statutes, rules or regulations, by the Representative Plaintiff or any Class Member on behalf of themselves and any or all of their heirs, executors, administrators, successors and assigns against any or all of the Released Persons arising out of, based upon, related to, or in connection with the purchase or acquisition by any means, or holding, directly or indirectly, of Impath securities by any Class Member during the Class Period, or arising out of, based upon, or related to or in connection with any act, omission or failure to act, misrepresentation, fact, transaction, event, occurrence, disclosure, statement, act, referred to in the Complaint or which were otherwise alleged, or could or might have been alleged in the Litigation, including without limitation any and all claims for negligence, gross negligence, breach of duty of care, breach of duty of loyalty, fraud, negligent misrepresentation, or breach of fiduciary duty, or arising out of, based upon or related in any way to the purchase, acquisition, or holding of Impath securities.    Released Claims specifically excludes claims of the Debtors, the Trustee, and/or Class Members against KPMG.

15. "Released Persons" means each and all of the Defendants and their Related Parties.

16. "Representative Plaintiff's Counsel" means counsel who have appeared for the Representative Plaintiff, any Class Member or the Class in the Litigation.

17. "Trustee" means the trustee of the Liquidating Trust provided in Section 6.3 of the Chapter 11 plan.

18. "Unknown Claims" means any Released Claims which any of the Settling Parties and/or Related Parties do not know or suspect to exist in his, her or its favor at the time of the release of the Released Persons which, if known by him, her or it, might have affected his, her or its settlement with and release of the Released Persons, or might have affected his, her or its decision not to object to this settlement. With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, the Settling Parties shall each expressly and shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all of the provisions, rights and benefits of California Civil Code § 1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

The Settling Parties, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law or international or foreign law, which is similar, comparable and equivalent to California Civil Code § 1542. The Settling Parties may hereafter discover facts in

addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims, but each Settling Party, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. The Settling Parties acknowledge, and shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the settlement of which this release is a part.

## III. THE LITIGATION

Commencing in July 2003, sixteen (16) purported securities class action lawsuits were filed, respectively, in the United States District Court for the Southern District of New York (the "District Court"):

| | Abbreviated Case Name | Case Number | Date Filed |
|---|---|---|---|
| (a) | *Adler v. IMPATH Inc., et al.* | 3-CV-6484 | 8/26/03 |
| (b) | *Altman v. IMPATH Inc., et al.* | 3-CV-5670 | 7/30/03 |
| (c) | *Casden v. IMPATH Inc., et al.* | 3-CV-7358 | 9/19/03 |
| (d) | *Corwin v. IMPATH Inc., et al.* | 3-CV-5800 | 8/4/03 |
| (e) | *Epstein v. IMPATH Inc., et al.* | 3-CV-5737 | 8/1/03 |

|      | **Abbreviated Case Name**           | **Case Number** | **Date Filed** |
|------|-------------------------------------|-----------------|----------------|
| (f)  | *Ferrari v. IMPATH Inc. et al.*     | 3-CV-05667      | 7/30/03        |
| (g)  | *Heyer v. IMPATH Inc., et al.*      | 3-CV-6418       | 8/22/03        |
| (h)  | *Isenberg v. IMPATH Inc., et al.*   | 3-CV-7200       | 9/15/03        |
| (i)  | *Jackson v. IMPATH Inc., et al.*    | 3-CV-6703       | 9/4/03         |
| (j)  | *Lacoff v. IMPATH Inc., et al.*     | 3-CV-5860       | 8/16/03        |
| (k)  | *M. Lacoff v. IMPATH Inc., et al.*  | 3-CV-6073       | 8/12/03        |
| (l)  | *MacDonald v. IMPATH Inc., et al.*  | 3-CV-6689       | 9/4/03         |
| (m)  | *Nomm v. IMPATH Inc., et al.*       | 3-CV-5902       | 8/6/03         |
| (n)  | *Oliver Eng v. IMPATH Inc., et al.* | 3-CV-7490       | 9/24/03        |
| (o)  | *Rolnick v. IMPATH Inc., et al.*    | 3-CV-6083       | 8/12/03        |
| (p)  | *Wolbrom v. IMPATH Inc., et al.*    | 3-CV-6123       | 8/13/03        |

On July 15, 2004 the District Court entered an order consolidating the sixteen cases under the caption <u>In re Impath, Inc. Securities Litigation</u> (the "Litigation"); appointed Carpenter Pension Trust for Southern California and United Brotherhood of Carpenters as Lead Plaintiff pursuant to § 21D(a)(3)(B) of the Private Securities Litigation Reform Act of 1995; and approved the selection of Lerach Coughlin Stoia Geller Rudman & Robbins LLP as Lead Counsel.

## IV. CLAIMS OF THE REPRESENTATIVE PLAINTIFF AND BENEFITS OF SETTLEMENT

Lead Counsel and Representative Plaintiff believe that the claims asserted in the Litigation have merit and that the evidence developed to date supports the claims. However, Lead Counsel and Representative Plaintiff recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Litigation

against the Defendants through trial and through appeals. Lead Counsel and Representative Plaintiff also have taken into account the uncertain outcome and the risk of any litigation, especially in complex actions such as this Litigation, as well as the difficulties and delays inherent in such litigation. Lead Counsel and Representative Plaintiff also are mindful of the inherent problems of proof under and possible defenses to the federal securities law claims asserted in the Litigation, and the fact that Impath has filed for Chapter 11 bankruptcy protection. Lead Counsel and Representative Plaintiff believe that the settlement set forth in the Stipulation of Settlement dated as of January __, 2005 (the "Stipulation") confers substantial benefits upon the Class. Based on their evaluation, Lead Counsel and Representative Plaintiff have determined that the settlement set forth in the Stipulation is in the best interests of the Representative Plaintiff and the Class.

## V. DEFENDANTS MAKE NO ADMISSION OF LIABILITY

The Defendants' execution of this Stipulation does not constitute an admission that any charges of wrongdoing or liability against them arising out of any of the conduct, statements, acts, or omissions alleged, or that could have been alleged, including Unknown Claims (as defined in Section IV) in the Litigation are true or valid. Further, the Defendants' execution of this Stipulation does not constitute an admission that any allegations that the Representative Plaintiff and the Class have suffered damage, that the price of Impath (as defined in Section IV) common stock was artificially inflated by reasons of any alleged misrepresentation, omission or other act by Defendants, or that the Representative Plaintiff or the Class were harmed by the conduct alleged in the Complaint are true or valid. Finally, nothing in this Stipulation shall be an

acknowledgement that the Individual Defendant, David Cammarata, has ever been served with process in this litigation.

Nonetheless, the Defendants have concluded that it is desirable that the Litigation be fully and finally settled in the manner and upon the terms and conditions set forth in this Stipulation.

## VI.    TERMS OF THE PROPOSED SETTLEMENT

Defendants will cause to be paid into an escrow account, pursuant to the terms of the Stipulation, cash in the amount of $22.6 million. Additional funds may be received by the Class as a result of any recovery obtained by the Trustee on account of contingent and/or unliquidated claims held by the Debtors and/or the holders of Securities Litigation Claims arising from, or relating to, the alleged accounting issues that are the subject of the Litigation that are not released pursuant to the Plan of Liquidation or this Settlement.

A portion of the settlement proceeds will be used for certain administrative expenses, including costs of printing and mailing this Notice, the cost of publishing a newspaper notice, payment of any taxes assessed against the Settlement Fund and costs associated with the processing of claims submitted. In addition, as explained below, a portion of the Settlement Fund may be awarded by the District Court to counsel for Representative Plaintiff as attorney's fees and for reimbursement of out-of-pocket expenses. The balance of the Settlement Fund (the "Net Settlement Fund") will be distributed according to the Plan of Allocation of Settlement proceeds described below to Class Members who submit valid and timely Proof of Claim forms.

Any prepetition indemnification obligations of the Debtors, pursuant to their corporate charters and by-laws or any agreements entered into at any time prior to the Commencement Date, shall be limited to the reimbursement of the Individual Defendants for legal fees and expenses and shall be assumed under and survive confirmation of the Plan in a total amount not to exceed $1,300,000 in the aggregate for all Individual Defendants (the "Set Aside Fund"). The Debtors agree to pay, from proceeds recovered under their past or present directors and officers' insurance policies, all attorney's fees and expenses incurred by the Individual Defendants in the context of this Litigation, the Debtors' bankruptcy proceedings, and/or any related regulatory matters through the date of the District Court's Final Approval of this Agreement, up to an aggregate total of $300,000. Consequently, after Debtors pay the $300,000 incurred by the Individual Defendants (the "Initial Payment"), $1,000,000 will remain in the Set Aside Fund for any additional or future attorney's fees and expenses incurred by the Individual Defendants beyond the Initial Payment. Each Individual Defendant shall have immediate access to up to $200,000 of the $1,000,000 remaining in the Set Aside Fund (i.e., $200,000 per Individual Defendant), which shall be paid as incurred on a monthly basis within 30 days from submission of statements reflecting reasonable attorney's fees and expenses incurred by or on behalf of the Individual Defendant. An Individual Defendant may have access to funds in excess of the Initial Payment and the $200,000 from the Set Aside Fund for additional or future attorney's fees and expenses only upon application to and approval of the District Court based on statements reflecting reasonable attorney's fees and expenses incurred by or on behalf of the Individual Defendant, which funds may be accessed on a monthly basis unless and until the Set

Aside Fund is depleted. By accepting a distribution under this ¶ 2.13, any Individual Defendant who served in such capacity at any time prior to or after the Commencement Date will be deemed to have waived any and all Claims against the Debtors that meet the requirements of section 502(e)(1)(B) of the Bankruptcy Code. No right of disgorgement shall exist with respect to attorney's fees and expenses paid to a Culpable Individual prior to the date he is found to be a Culpable Individual. However, a Culpable Individual will have no right to additional or future attorney's fees and expenses after he is found to be a Culpable Individual. Other than as set forth in this ¶ 2.13, nothing herein shall be deemed to be an assumption of any other prepetition indemnification obligation and any such obligations shall be rejected pursuant to the Plan.

## VII.  PLAN OF ALLOCATION

The Net Settlement Fund will be distributed to Class Members who submit valid, timely Proof of Claim forms ("Authorized Claimants") under the Plan of Allocation described above. The Plan of Allocation provides that you will be eligible to participate in the distribution of the Net Settlement Fund only if you have a net loss on all transactions in Impath common stock during the Class Period.

For purposes of determining the amount an Authorized Claimant may recover under the Plan of Allocation, Plaintiff's Settlement Counsel have consulted with their damage experts and the Plan of Allocation reflects an assessment of the damages that could have been recovered as well as Lead Counsel's assessment of the likelihood of establishing liability for various periods during the Class Period.

To the extent there are sufficient funds in the Net Settlement Fund, each Authorized Claimant will receive an amount equal to the Authorized Claimant's claim, as

defined below. If, however, the amount in the Net Settlement Fund is not sufficient to permit payment of the total claim of each Authorized Claimant, then each Authorized Claimant shall be paid the percentage of the Net Settlement Fund that each Authorized Claimant's claim bears to the total of the claims of all Authorized Claimants. Payment in this manner shall be deemed conclusive against all Authorized Claimants.

The total of all profits shall be subtracted from the total of all losses from transactions during the Class Period to determine if a Class Member has a claim. Only if a Class Member had a net loss, after all profits from transactions in Impath common stock during the Class Period are subtracted from all losses, will such Class Member be eligible to receive a distribution from the Net Settlement Fund.

A claim will be calculated as follows:

1.     For shares of Impath common stock that were *purchased or otherwise acquired between February 21, 2001 through July 29, 2003*, and

(a)     sold prior to July 30, 2003, the claim per share is $0;

(b)     retained at the end of trading on July 29, 2003, the claim per share is the lesser of (i) the purchase price less $2.15, or (ii) $15.94 (August 27, 2003 price decline on date stock resumed trading.)

The date of purchase or sale is the "contract" or "trade" date as distinguished from the "settlement" date.

For Class Members who held shares at the beginning of the Class Period or made multiple purchases or sales during the Class Period, the first-in, first-out ("FIFO") method will be applied to such holdings, purchases and sales for purposes of calculating a claim. Under the FIFO method, sales of shares during the Class Period will

be matched, in chronological order, first against shares held at the beginning of the Class Period. The remaining sales of shares during the Class Period will then be matched, in chronological order, against shares purchased during the Class Period.

A Class Member will be eligible to receive a distribution from the Net Settlement Fund only if a Class Member had a net loss, after all profits from transactions in Impath common stock during the Class Period are subtracted from all losses. However, the proceeds from sales of shares which have been matched against shares held at the beginning of the Class Period will not be used in the calculation of such net loss.

The District Court has reserved jurisdiction to allow, disallow or adjust the claim of any Class Member on equitable grounds.

## VIII.   ORDER CERTIFYING A CLASS

On _____, 2005, the District Court certified a Class (defined above at Section II.1) for settlement purposes only.

## IX.   PARTICIPATION IN THE CLASS

If you fall within the definition of the Class, you will be bound by any judgment entered with respect to the settlement in the Litigation whether or not you file a Proof of Claim. If you choose, you may enter an appearance individually or through your own counsel at your own expense.

**TO PARTICIPATE IN THE DISTRIBUTION OF THE NET SETTLEMENT FUND, YOU MUST TIMELY COMPLETE AND RETURN THE PROOF OF CLAIM AND RELEASE FORM THAT ACCOMPANIES THIS NOTICE.** The Proof of Claim and Release form must be postmarked on or before _____, 2005, and delivered to the Claims Administrator at the address below.

Unless the District Court orders otherwise, if you do not timely submit a valid Proof of Claim form, you will be barred from receiving any payments from the Net Settlement Fund, but will in all other respects be bound by the provisions of the Stipulation and the Judgment.

## X.   EXCLUSION FROM THE CLASS

You may request to be excluded from the Class.  To do so, you must mail a written request stating that you wish to be excluded from the Settlement Class to:

> *In re Impath Inc. Securities Litigation*
> Claims Administrator
> c/o Gilardi & Co. LLC
> P.O. Box 5100
> Larkspur, CA 94977-5100

The request for exclusion must state:  (1) your name, address, and telephone number; (2) all purchases, acquisitions, and sales of Impath common stock made during the Class Period, including the dates of each purchase, acquisition, or sale and the number of shares of Impath common stock purchased, acquired or sold and the price paid or received per share for each purchase or sale; and (3) that you wish to be excluded from the Class.  YOUR EXCLUSION REQUEST MUST BE POSTMARKED ON OR BEFORE _____, 2005.  If you submit a valid and timely request for exclusion, you shall have no rights under the settlement, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Stipulation or the Judgment.

Pursuant to an Order of the Bankruptcy Court, you were required to file a claim with that Court seeking recovery from the Debtors.  If you choose to be excluded from the Class, and you did not previously file a timely proof of claim in the Bankruptcy Court, you may not be able to recover from the Debtors.  If you did file a timely proof of

claim you may recover some percentage of your loss, consistent with the Plan of Liquidation, but only if the Bankruptcy Court allows your claim.

## XI.   DISMISSAL AND RELEASES

If the proposed settlement is approved, the District Court will enter a Final Judgment and Order of Dismissal with Prejudice ("Judgment").   The Judgment will dismiss the Released Claims with prejudice as to all Defendants.

The Judgment will provide that all Class Members who do not validly and timely request to be excluded from the Class shall be deemed to have released and forever discharged all Released Claims (to the extent Members of the Class have such claims) against all Released Persons.

## XII.   APPLICATION FOR FEES AND EXPENSES

At the Settlement Hearing, Lead Counsel will request the District Court to award attorney's fees of approximately 21% of the Settlement Fund, plus reimbursement of the expenses not to exceed $ _____, which were advanced in connection with the Litigation, plus interest thereon.

To date, Lead Counsel have not received any payment for their services in conducting this Litigation on behalf of the Representative Plaintiff and the Members of the Class, nor have counsel been reimbursed for their out-of-pocket expenses. The fee requested by Lead Counsel would compensate counsel for their efforts in achieving the Settlement Fund for the benefit of the Class, and for their risk in undertaking this representation on a contingency basis. The fee requested is within the range of fees awarded to Plaintiff's counsel under similar circumstances in litigation of this type.

## XIII.  CONDITIONS FOR SETTLEMENT

The settlement is conditioned upon the occurrence of certain events described in the Stipulation.  Those events include, among other things:  (1) entry of the Judgment by the District Court, (2) approval by the bankruptcy court, as provided for in the Stipulation; and (3) expiration of the time to appeal from or alter or amend the Judgment.  If, for any reason, any one of the conditions described in the Stipulation is not met, the Stipulation might be terminated and, if terminated, will become null and void, and the parties to the Stipulation will be restored to their respective positions as of _____.

## XIV.  THE RIGHT TO BE HEARD AT THE HEARING

Any Class Member who does not validly and timely request to be excluded from the Class, and who objects to any aspect of the settlement, the Plan of Allocation, the adequacy of representation by Lead Counsel, or the application for attorney's fees, costs and expenses, may appear and be heard at the Settlement Hearing. Any such Person must submit a written notice of objection, such that it is received on or before _____, 2005, by:

CLERK OF THE COURT
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
United States District Courthouse
40 Foley Square
New York, NY 10007

Samuel Rudman, Esq.
LERACH COUGHLIN STOIA
GELLER RUDMAN & ROBBINS LLP
200 Broadhollow, Suite 406
Melville, NY 11747

*Lead Counsel for Plaintiff*

George Davis
Robert Carangelo
Paul Ferrillo
Nader Mobargha
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153-0119

*Counsel for all Defendants*

The notice of objection must demonstrate the objecting Person's membership in the Class, including the number of shares of Impath common stock purchased or acquired and sold during the Class Period, and contain a statement of the reasons for objection. Only Members of the Class who have submitted written notices of objection in this manner will be entitled to be heard at the Settlement Hearing, unless the District Court orders otherwise.

## XV. SPECIAL NOTICE TO NOMINEES

If you hold or held any Impath common stock purchased or otherwise acquired during the Class Period, as a nominee for a beneficial owner, then, within ten (10) days after you receive this Notice, you must either: (1) send a copy of this Notice and the Proof of Claim by first class mail to all such Persons; or (2) provide a list of the names and addresses of such Persons to the Claims Administrator:

*In re Impath Inc. Securities Litigation*
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 5100
Larkspur, CA 94977-5100

If you choose to mail the Notice and Proof of Claim yourself, you may obtain from the Claims Administrator (without cost to you) as many additional copies of these documents as you will need to complete the mailing.

Regardless of whether you choose to complete the mailing yourself or elect to have the mailing performed for you, you may obtain reimbursement for or advancement of reasonable administrative costs actually incurred or expected to be incurred in connection with forwarding the Notice and Proof of Claim and which would not have been incurred but for the obligation to forward the Notice and Proof of Claim, upon submission of appropriate documentation to the Claims Administrator.

## XVI.  EXAMINATION OF PAPERS

This Notice is a summary and does not describe all of the details of the Stipulation. For full details of the matters discussed in this Notice, you may review the Stipulation filed with the District Court, which may be inspected during business hours, at the office of the Clerk of the District Court, United States District Court, Southern District of New York, United States District Courthouse, 40 Foley Square, New York, NY 10007.

If you have any questions about the settlement of the Litigation, you may

contact Plaintiff's Settlement Counsel by writing:

> Samuel Rudman, Esq.
> LERACH COUGHLIN STOIA
> GELLER RUDMAN & ROBBINS LLP
> 200 Broadhollow, Suite 406
> Melville, NY 11747

DO NOT TELEPHONE THE COURT OR ANY

DEFENDANT REGARDING THIS NOTICE.

DATED: _____, 2005          BY ORDER OF THE COURT
                                 UNITED STATES DISTRICT COURT
                                 SOUTHERN DISTRICT OF NEW YORK

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE IMPATH INC.<br>SECURITIES LITIGATION. | ) Case No. 03-cv-5667-DAB<br>)<br>)<br>)<br>)<br>) |

PROOF OF CLAIM AND RELEASE

EXHIBIT A-2

Samuel Rudman, Esq.
Lerach Coughlin Stoia Geller
Rudman & Robbins LLP
200 Broadhollow, Suite 406
Melville, NY 11747
(Tel): (631) 367-7100
(Fax): (631) 367-1173

Lead Counsel for Plaintiff

TO:   ALL PERSONS WHO PURCHASED OR OTHERWISE ACQUIRED THE COMMON
      STOCK OF IMPATH INC. ("IMPATH") DURING THE PERIOD FROM
      FEBRUARY 21, 2001 THROUGH JULY 29, 2003

## I.   GENERAL INSTRUCTIONS

1.   To recover as a Member of the Class based on your claims in the action entitled *In re Impath Inc., Securities Litigation*, Case No. 03-CV-5667, you must complete and, on page ___ hereof, sign this Proof of Claim and Release. If you fail to file a properly addressed (as set forth in paragraph 3 below) Proof of Claim and Release, your claim may be rejected and you may be precluded from any recovery from the Settlement Fund created in connection with the proposed settlement of the Litigation.

2.   Submission of this Proof of Claim and Release, however, does not assure that you will share in the proceeds of settlement in the Litigation.

3.   **YOU MUST MAIL YOUR COMPLETED AND SIGNED PROOF OF CLAIM AND RELEASE POSTMARKED ON OR BEFORE _____, 2005, ADDRESSED AS FOLLOWS:**

> *In re Impath Inc. Securities Litigation*
> Claims Administrator
> c/o Gilardi & Co. LLC
> P.O. Box 5100
> Larkspur, CA 94977-5100

If you are NOT a Member of the Class (as defined below and in the Notice of Pendency and Proposed Settlement of Class Action), DO NOT submit a Proof of Claim and Release form.

4.   If you are a Member of the Class and you do not timely request exclusion, you are bound by the terms of any judgment entered in the Litigation, WHETHER OR NOT YOU SUBMIT A PROOF OF CLAIM AND RELEASE.

## II. DEFINITIONS

1. "Class" or "Settlement Class" mean all Persons who purchased or otherwise acquired the common stock of Impath during the period from February 21, 2001 through July 29, 2003. Excluded from the Class are Defendants, members of the immediate families of the individual defendants, any entity in which any Defendant has a controlling interest, past or present officers and directors of Impath, and the legal representatives, affiliates, heirs, successors or assigns of any such excluded Person. Also excluded from the Class are those Persons who timely and validly request exclusion from the Class pursuant to the Notice of Pendency and Proposed Settlement of Class Action to be sent to the Class.

2. "Class Period" means the period commencing on February 21, 2001 through and including July 29, 2003.

3. "Class Member" or "Member of the Class" means a Person who falls within the definition of the Class as set forth in ¶ 1 above.

4. "Defendants" means Impath Inc., Anu D. Saad, Richard Adelson, David Cammarata, James V. Agnello and Carter H. Eckert.

5. "Insurers" means National Union Fire Insurance Company of Pittsburgh ("National Union"), ACE American Insurance Company, Travelers Casualty & Surety Company.

6. "Person" means an individual, natural person, corporation, partnership, limited partnership, limited liability company, association, joint stock company, joint venture, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and their respective spouses, heirs, predecessors, successors, representatives, or assignees.

7. "Released Persons" means each and all of the Defendants and their Related Parties.

## III. CLAIMANT IDENTIFICATION

1. If you purchased or otherwise acquired Impath common stock during the Class Period and held the certificate(s) in your name, you are the beneficial purchaser as well as the record purchaser. If, however, you purchased or otherwise acquired Impath common stock during the Class Period and the certificate(s) were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial purchaser and the third party is the record purchaser.

2. Use Part I of this form entitled "Claimant Identification" to identify each purchaser of record ("nominee"), if different from the beneficial purchaser of Impath common stock which forms the basis of this claim. THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL PURCHASER OR PURCHASERS, OR THE LEGAL REPRESENTATIVE OF SUCH PURCHASER OR PURCHASERS, OF THE IMPATH COMMON STOCK UPON WHICH THIS CLAIM IS BASED.

3. All joint purchasers must sign this claim. Executors, administrators, guardians, conservators and trustees must complete and sign this claim on behalf of Persons represented by them and their authority must accompany this claim and their titles or capacities must be stated. The Social Security (or taxpayer identification) number and telephone number of the beneficial owner may be used in verifying the claim. Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

## IV. CLAIM FORM

1. Use Part II of this form entitled "Schedule of Transactions in Impath Common Stock" to supply all required details of your transaction(s) in Impath common stock. If you need

more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form. Sign and print or type your name on each additional sheet.

2.    On the schedules, provide all of the requested information with respect to *all* of your purchases or acquisitions and *all* of your sales of Impath common stock which took place at any time beginning February 21, 2001 through and including July 29, 2003, whether such transactions resulted in a profit or a loss. Failure to report all such transactions may result in the rejection of your claim.

3.    List each transaction in the Class Period separately and in chronological order, by trade date, beginning with the earliest. You must accurately provide the month, day and year of each transaction you list.

4.    The term "Purchase Price" means the amount paid for the securities (including commissions and transfer taxes) and the term "Sales Price" means the amount realized on the sale of the securities (net of commissions and transfer taxes). The date of the purchase or sale is the "contract" or "trade" date as distinguished from the "settlement" date.

5.    Broker confirmations or other documentation of your transactions in Impath common stock should be attached to your claim. Failure to provide this documentation could delay verification of your claim or result in rejection of your claim.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

*In re Impath Inc., Securities Litigation*
Case No. 03-CV-5667-DAB

PROOF OF CLAIM

Must be Postmarked No Later Than:
_____, 2005

Please Type or Print

PART I:        CLAIMANT IDENTIFICATION

_____
Beneficial Owner's Name (First, Middle, Last)

_____
Street Address

_____          _____
City                                                        State or Province

_____          _____
Zip Code or Postal Code                            Country

                                                             _____    Individual
_____
Social Security Number or
Taxpayer Identification Number              _____    Corporation/Other

_____    _____
Area Code           Telephone Number (work)

_____    _____
Area Code           Telephone Number (home)

_____
Record Owner's Name (if different from Beneficial Owner listed above)

PART II:  SCHEDULE OF TRANSACTIONS IN IMPATH COMMON STOCK

     A.    Number of shares of Impath common stock held at the beginning of trading on February 21, 2001: _____

     B.    Purchases or Acquisitions (February 21, 2001 – July 29, 2003, inclusive) of Impath common stock:

| Trade Date<br>Month Day Year | Number of Shares Purchased<br>or Acquired | Total Purchase Price |
|---|---|---|
| 1. _____ | _____ | _____ |
| 2. _____ | _____ | _____ |
| 3. _____ | _____ | _____ |

IMPORTANT:  Identify by number listed above all purchases in which you covered a "short sale": _____

     D.    Sales (February 21, 2001 – July 29, 2003, inclusive) of Impath common stock:

| Trade Date<br>Month Day Year | Number of Shares Sold | Total Sales Price |
|---|---|---|
| 1. _____ | _____ | _____ |
| 2. _____ | _____ | _____ |
| 3. _____ | _____ | _____ |

     E.    Number of Impath shares held at close of trading on July 29, 2003: _____

If you require additional space, attach extra schedules in the same format as above.  Sign and print your name on each additional page.

YOU MUST READ THE RELEASE AND SIGN ON PAGE ____.

## V. SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS

I submit this Proof of Claim and Release under the terms of the Stipulation of Settlement described in the Notice. I also submit to the jurisdiction of the United States District Court for the Southern District of New York, with respect to my claim as a Class Member and for purposes of enforcing the release set forth herein. I further acknowledge that I am bound by and subject to the terms of any judgment that may be entered in the Litigation. I agree to furnish additional information to support this claim if required to do so. I have not submitted any other claim covering the same purchases or acquisitions of Impath common stock during the Class Period and know of no other Person having done so on my behalf.

## VI. RELEASE

1.  I hereby acknowledge full and complete satisfaction of, and do hereby fully, finally and forever settle, release and discharge from the Released Claims each and all of the Defendants, the Insurers and all other "Related Parties," defined as each of the Defendants and any and all of the members of their families and each Defendant's parents, subsidiaries, divisions, joint ventures, or affiliates, including but not limited to any entity in which any Defendant has or had a majority-owned interest; and each of the foregoing listed person's past or present directors, officers, employees, partners, members, principals, agents, underwriters, managing directors, syndicate members, controlling shareholders, attorneys, banks or investment banks, associates, personal or legal representatives, predecessors, successors, assigns, spouses, heirs, related or affiliated entities, any entity in which a Defendant or a Defendant's family has a controlling interest, or any trust of which any Defendant is the settlor or which is for the benefit of any Defendant and/or member(s) of his or her family, or Insurers, including, without limitation, National Union Fire Insurance Company of Pittsburgh, Pa., ACE American Insurance Company, and Travelers Casualty & Surety Company and the Insurers' reinsurers.

2. "Released Claims" shall collectively mean any and all claims (including "Unknown Claims" as defined in ¶ 1.30 hereof), demands, rights, liabilities and causes of action of every nature and description whatsoever, known or unknown, whether or not concealed or hidden, asserted or that could or might have been asserted, including, without limitation, claims for negligence, gross negligence, negligent misrepresentation, breach of duty of care and/or breach of duty of loyalty, fraud, breach of fiduciary duty, or violations of any state or federal statutes, rules or regulations, by the Representative Plaintiff or any Class Member on behalf of themselves and any or all of their heirs, executors, administrators, successors and assigns against any or all of the Released Persons arising out of, based upon, related to, or in connection with the purchase or acquisition by any means, or holding, directly or indirectly, of Impath securities by any Class Member during the Class Period, or arising out of, based upon, or related to or in connection with any of act, omission or failure to act, misrepresentation, fact, transaction, event, occurrence, disclosure, statement, act, referred to in the Complaint or which were otherwise alleged, or could or might have been alleged in the Litigation, including without limitation any and all claims for negligence, gross negligence, breach of duty of care, breach of duty of loyalty, fraud, negligent misrepresentation, or breach of fiduciary duty, or arising out of, based upon or related in any way to the purchase, acquisition, or holding of Impath securities. Released Claims specifically excludes claims of the Debtors, the Trustee, and/or Class Members against KPMG.

3. "Unknown Claims" means any Released Claims which any of the Settling Parties and/or Related Parties do not know or suspect to exist in his, her or its favor at the time of the release of the Released Persons which, if known by him, her or it, might have affected his, her or its settlement with and release of the Released Persons, or might have affected his, her or its decision not to object to this settlement. With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, the Settling Parties shall each

expressly and shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all of the provisions, rights and benefits of California Civil Code § 1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

The Settling Parties, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law or international or foreign law, which is similar, comparable and equivalent to California Civil Code § 1542. The Settling Parties may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims, but each Settling Party, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. The Settling Parties acknowledge, and shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the settlement of which this release is a part.

4.     This release shall be of no force or effect unless and until the District Court approves the Stipulation of Settlement and the Stipulation becomes effective on the Effective Date (as defined in the Stipulation).

5.     I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof.

6.     I (We) hereby warrant and represent that I (we) have included information about all of my (our) transactions in Impath common stock which occurred during the Class Period as well as the number of shares of Impath common stock held by me (us) at the close of trading on July 29, 2003.

# SUBSTITUTE FORM W-9

Request for Taxpayer Identification Number ("TIN") and Certification

## PART I

NAME: _____

Check appropriate box:

☐ Individual/Sole Proprietor
☐ Corporation ☐ Partnership ☐ Trust
☐ IRA ☐ Other ☐ Pension Plan

Enter TIN on appropriate line.

For individuals, this is your Social Security Number ("SSN").

For sole proprietors, you must show your individual name, but you may also enter your business or "doing business as" name. You may enter either your SSN or your Employer Identification Number ("EIN").

For other entities, it is your EIN.

__ __ __ - __ __ - __ __ __ __        or        __ __ - __ __ __ __ __ __ __
Social Security Number                          Employer Identification Number

## PART II

For Payees Exempt from Backup Withholding

If you are exempt from backup withholding, enter your correct TIN in Part I and write "exempt" on the following line: _____

## PART III

Certification

UNDER THE PENALTY OF PERJURY, I (WE) CERTIFY THAT:

1. The number shown on this form is my correct TIN; and

2. I (We) certify that I am (we are) NOT subject to backup withholding under the provisions of Section 3406 (a)(1)(C) of the Internal Revenue Code because: (a) I am (we are) exempt from backup withholding; or (b) I (we) have not been notified by the Internal Revenue Service that I am (we are) subject to backup withholding as a result of a failure to report all interest or dividends; or (c) the Internal Revenue Service has notified me (us) that I am (we are) no longer subject to backup withholding.

NOTE:    If you have been notified by the Internal Revenue Service that you are subject to backup withholding, you must cross out Item 2 above.

*SEE* ENCLOSED FORM W-9 INSTRUCTIONS

The Internal Revenue Service does not require your consent to any provision of this document other than the certification required to avoid backup withholding.

I declare under penalty of perjury under the laws of the United States of America that the foregoing information supplied by the undersigned is true and correct.

Executed this _____ day of_____,
                                             (Month/Year)

in _____, _____.
          (City)                              (State/Country)


_____
(Sign your name here)

_____
(Type or print your name here)

_____
(Capacity of person(s) signing,
*e.g.*, Beneficial Purchaser,
Executor or Administrator)

**ACCURATE CLAIMS PROCESSING TAKES A
SIGNIFICANT AMOUNT OF TIME.
THANK YOU FOR YOUR PATIENCE.**

Reminder Checklist:

1.  Please sign the above release and declaration.

2.  Remember to attach supporting documentation, if available.

3.  Do not send original of stock certificates.

4.  Keep a copy of your claim form for your records.

5.  If you desire an acknowledgment of receipt of your claim form, please send it Certified Mail, Return Receipt Requested.

6.  If you move, please send us your new address.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| IN RE IMPATH INC. SECURITIES LITIGATION. | ) Case No. 03-CV-5667 (DAB) ) ) ) ) ) |

SUMMARY NOTICE FOR PUBLICATION

EXHIBIT A-3

Samuel Rudman, Esq.
Lerach Coughlin Stoia Geller
Rudman & Robbins LLP
200 Broadhollow, Suite 406
Melville, NY 11747
(Tel): (631) 367-7100
(Fax): (631) 367-1173

Lead Counsel for Plaintiff

TO: ALL PERSONS WHO PURCHASED OR OTHERWISE ACQUIRED THE COMMON STOCK OF IMPATH INC. ("IMPATH") DURING THE PERIOD FROM FEBRUARY 21, 2001 THROUGH JULY 29, 2003

YOU ARE HEREBY NOTIFIED, pursuant to an Order of the United States District Court for the Southern District of New York, that a hearing will be held on _____ 2005, at ___ _.m., before the Honorable Deborah A. Batts, United States District Judge, at the United States District Court, Southern District of New York, United States Courthouse, 40 Foley Square, New York, NY 10007, for the purpose of determining: (1) whether the amount of the proposed settlement of the claims in the Litigation plus accrued interest, should be approved by the Court as fair, reasonable and adequate; (2) whether, thereafter, this Litigation should be dismissed with prejudice as set forth in the Stipulation of Settlement dated as of January __, 2005; (3) whether the Plan of Allocation is fair, reasonable and adequate and therefore should be approved; and (4) whether the application of Lead Counsel for the payment of attorney's fees and reimbursement of costs and expenses incurred in connection with this Litigation should be approved.

If you purchased or otherwise acquired the common stock of Impath during the period beginning February 21, 2001 through and including June 29, 2003, your rights may be affected by the settlement of this Litigation. If you have not received a detailed Notice of Pendency and Proposed Settlement of Class Action and a copy of the Proof of Claim and Release form, you may obtain copies by writing to *In re Impath Inc. Securities Litigation*, Claims Administrator, c/o Gilardi & Co. LLC, P.O. Box 5100, Larkspur, CA 94977-5100. If you are a Class Member, in order to share in the distribution of the Net Settlement Fund, you must submit a Proof of Claim and Release no later than

1

_____, 2005, establishing that you are entitled to recovery. You will be bound by any judgment rendered in the Litigation whether or not you make a claim.

All Members of the Class who do not request exclusion from the Class by _____, 2005 will be bound by any judgment entered in the Litigation pursuant to the Stipulation.

Any objection to the settlement must be mailed or delivered such that it is received no later than _____, 2005 by:

> CLERK OF THE COURT
> UNITED STATES DISTRICT COURT
> SOUTHERN DISTRICT OF NEW YORK
> United States Courthouse
> 40 Foley Square
> New York, NY 10007
>
> Samuel Rudman, Esq.
> LERACH COUGHLIN STOIA GELLER
> RUDMAN & ROBBINS LLP
> 200 Broadhollow, Suite 406
> Melville, NY 11747
>
> *Lead Counsel for Plaintiff*
>
> Ellen Gusikoff Stewart, Esq.
> LERACH COUGHLIN STOIA GELLER
> RUDMAN & ROBBINS LLP
> 401 B Street, Suite 1600
> San Diego, CA 92101
> (Tel): (619) 231-1058
> (Fax): (619) 231-7423
>
> *Lead Counsel for Plaintiff*

John T. DeCarlo, Esq.
Daniel M. Shanley, Esq.
CARLO & CONNOR
533 South Fremont Avenue, 9th Floor
Los Angeles, CA 90071-1706
(Tel): (213) 488-4100
(Fax): (213) 488-4180

*Counsel for Plaintiff*

George Davis
Robert Carangelo
Paul Ferrillo
Nader Mobargha
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153-0119

*Counsel for all Debtors*

Howard M. Privette
PAUL, HASTINGS, JANOFSKY & WALKER LLP
515 South Flower Street
Twenty-Fifth Floor
Los Angeles, CA 90071

*Counsel for Anu D. Saad*

Jay G. Strum
KAYE SCHOLER LLP
425 Park Avenue
New York, NY 10022-3598

*Counsel for Richard Adelson*

David G. Keyko
PILLSBURY WINTHROP LLP
1540 Broadway
New York, NY 10036

*Counsel for David Cammarata*

George A. Davis
Robert Carangelo
Paul Ferrillo
Nader Mobargha

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153-0119

*Counsel for James V. Agnello*

George A. Davis
Robert Carangelo
Paul Ferrillo
Nader Mobargha
WEIL, GOTSHAL & MANGES, LLP
767 Fifth Avenue
New York, NY 10153-0119

*Counsel for Carter Eckert*

**DO NOT CONTACT THE COURT, THE CLERK'S OFFICE, _____ OR
ANY DEFENDANT REGARDING THIS NOTICE.**

DATED: _____, 2005          BY ORDER OF THE COURT
                                        UNITED STATES DISTRICT COURT
                                        SOUTHERN DISTRICT OF NEW YORK

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

|  | ) | Case No. 03-CV-5667 (DAB) |
|---|---|---|
| IN RE IMPATH INC. | ) | |
| SECURITIES LITIGATION. | ) | |
|  | ) | |
|  | ) | |
|  | ) | |

[PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH
PREJUDICE

EXHIBIT B

Samuel Rudman, Esq.
Lerach Coughlin Stoia Geller
Rudman & Robbins LLP
200 Broadhollow, Suite 406
Melville, NY 11747
Tel: (631) 367-7100
Fax: (631) 367-1173

Lead Counsel for Plaintiff

This matter came before the Court for hearing pursuant to the Order of this Court, dated _____, 2005, on the application of the parties for approval of the settlement set forth in the Stipulation of Settlement dated as of January __, 2005 (the "Stipulation"). Due and adequate notice having been given of the settlement as required in said Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. This Judgment incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings as set forth in the Stipulation.

2. This Court has jurisdiction over the subject matter of the Litigation and over all parties to the Litigation, including all Members of the Class.

3. For purposes of settlement only, the Class as defined in ¶ 1.5 of the Stipulation and in the Order Preliminarily Approving Settlement and Providing for Notice, satisfies the applicable prerequisites for class treatment under Rule 23(a) and (b) of the Federal Rules of Civil Procedure.

4. Except as to any individual claim of those Persons (identified in Exhibit 1 hereto) who have validly and timely requested exclusion from the Class, the class action and all claims contained therein, as well as all of the Released Claims, are dismissed with prejudice as to the Representative Plaintiff and the other Members of the Class, and as against the Released Persons. Released Claims specifically excludes claims

by the Debtors, the Trustee, and/or Class Members against KPMG. The parties are to bear their own costs, except as otherwise provided in the Stipulation.

5.  Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby approves the settlement set forth in the Stipulation and finds that said settlement is, in all respects, fair, reasonable and adequate to the Representative Plaintiff, the Class and each of the Class Members, in light of the complexity, expense and possible duration of further litigation, the discovery and investigation conducted, and the risk and difficulty of establishing liability, causation and damages. This Court further finds the settlement set forth in the Stipulation is the result of arm's-length negotiations between experienced counsel representing the interests of the Representative Plaintiff, the Class Members, and the Defendants. Accordingly, the settlement embodied in the Stipulation is hereby approved and shall be consummated in accordance with the terms and provisions of the Stipulation.

6.  Upon the Effective Date hereof, the Representative Plaintiff and each of the Class Members shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished and discharged all Released Claims against the Released Persons, whether or not such Class Member executes and delivers a Proof of Claim and Release.

7.  Upon the Effective Date, all Class Members are hereby forever barred and enjoined from prosecuting the Released Claims against the Released Persons.

8.      Upon the Effective Date, as defined in ¶ 1.12, each of the Released Persons shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged each and all of the Class Members, Representative Plaintiffs' Counsel, and other Released Persons from all claims (including Unknown Claims), arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement or resolution of the Litigation, the Released Claims or the Debtors' chapter 11 cases.  In addition, any and all scheduled or filed claims by the Individual Defendants shall be deemed withdrawn with prejudice on the Effective Date.  Notwithstanding anything contained herein to the contrary, the foregoing waiver shall not release or discharge (i) Claim No. 00093 filed by Rich Adelson in the Debtors' chapter 11 cases, (ii) the Debtors right to object to such claim, or (iii) any defenses or counterclaims that the Debtor may have to assert as a set-off against Adelson's claim, but only up to the amount of such claim.

9.      In accordance with Section 4(f)(7)(A) of the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u–4(f)(7)(A), each of the Released Persons is discharged from all claims for contribution that have been brought or may be brought by any person based upon, relating to, arising out of, or in connection with the matters alleged in Litigation or the Released Claims.  Furthermore, all Released Persons are barred from bringing claims for contribution against any person based upon, relating to, arising out of, or in connection with the matters alleged in Litigation or the Released Claims.  Nothing in this paragraph 3.4 precludes the Debtors, the Trustee, and/or Class Members from asserting any claim against KPMG.

10.     The Notice of Pendency and Proposed Settlement of Class Action given to the Class was the best notice practicable under the circumstances, including the individual notice to all Members of the Class who could be identified through reasonable effort.  Said notice provided the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed settlement set forth in the Stipulation, to all Persons entitled to such notice, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23 and the requirements of due process.

11.     Any plan of allocation submitted by Plaintiff's Settlement Counsel or any order entered regarding the attorney's fees application shall in no way disturb or affect this Final Judgment and shall be considered separate from this Final Judgment.

12.     Neither the Stipulation nor the settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the settlement:  (i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Defendants, or (ii) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Defendants in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal.  Defendants may file the Stipulation and/or the Judgment from this action in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata,* collateral estoppel, release, good faith settlement,

judgment bar or reduction or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

13. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over (a) implementation of this settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorney's fees, costs, interest and expenses in the Litigation; and (d) all parties hereto for the purpose of construing, enforcing and administering the Stipulation.

14. The Court finds that during the course of the Litigation, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

IT IS SO ORDERED.

DATED: _____    _____
                                 THE HONORABLE DEBORAH A. BATTS
                                 UNITED STATES DISTRICT JUDGE